[No. 11759.   Department Two.   February 20, 1914.]

ALASKA STEAMSHIP COMPANY, *Respondent*, v. PACIFIC COAST GYPSUM COMPANY, *Appellant*.[1]

TRIAL—INSTRUCTIONS—REPETITIONS—NUMBER.  Unnecessarily long instructions, with repetitions, are not prejudicially erroneous, where the repetitions did not give undue prominence to some point to the injury of a party, and the jury were not likely to be confused or misled.

SAME—CONTRADICTORY INSTRUCTIONS.  In an action for personal injuries, instructions to the effect that it would take actual knowledge of the defect to defeat recovery, are not in conflict with other instructions to the effect that recovery would be defeated if the defect was open and apparent, where the instructions as a whole told the jury that respondent was charged with absolute knowledge of the defect, if open and apparent, and if not, actual knowledge was necessary.

SAME—CONFUSING INSTRUCTIONS.  A jury cannot be said to be confused because certain instructions employed the word "knowledge" without any qualifying word and other instructions used the words "actual knowledge."

SAME — INSTRUCTIONS — "KNOWLEDGE"—ACTUAL OR CONSTRUCTIVE.  Instructions to the effect that knowledge of the vice principal is knowledge of the principal, and that the law attributes knowledge of an open and obvious defect, and the use knowingly of such a defective instrument defeats recovery, are not objectionable as reducing actual knowledge to constructive knowledge.

SAME—INSTRUCTIONS—"ACTUAL KNOWLEDGE."  An instruction as to "actual knowledge as the time of the accident," does not imply that the knowledge must have been received on the day of the accident, as distinguished from previously acquired knowledge possessed at that time.

[1]Reported in 138 Pac. 875.

PRINCIPAL AND AGENT—NOTICE TO PRINCIPAL—SERVANT'S KNOWL-
EDGE. Knowledge of workmen as to a defective appliance is not
notice to the master, where no control or supervision of the same had
been delegated to them by the master.

TRIAL—INSTRUCTIONS—CONSTRUCTION AS A WHOLE. An instruction
authorizing recovery by the plaintiff, · if the proximate cause of an
accident to employees was a defective appliance, "and without fault
on their part, or by an assumed risk, or negligence of their fellow
servants, or the plaintiff," is not prejudicially misleading, where
the assumed risks, negligence of fellow servants and contributory
negligence were clear cut defenses and were properly submitted in
numerous other instructions, and it is improbable that the jury could
have been misled.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered July 7, 1913, upon the verdict
of a jury rendered in favor of the plaintiff in an action for
contribution. Affirmed.

*John A. Shackleford* and *Hayden, Langhorne & Metzger,*
for appellant.

*Bogle, Graves, Merritt & Bogle* and *Huffer & Hayden,* for
respondent.

MORRIS, J.—This case comes to this court on appeal for
the second time. On the first appeal, which will be found in
71 Wash. 359, 128 Pac. 654, we held the granting of a non-
suit by the lower court was erroneous, and reversing the
judgment, sent the cause back for a new trial. This has now
been had, resulting in a judgment for the steamship company,
and the gypsum company appeals.

The errors now urged are based wholly on instructions to
the jury. It will not be necessary to now review the facts in
the case, as they will be found clearly stated in the first
opinion. It was there said in remanding the case, that it
should be submitted to the jury with appropriate instructions
upon the questions of fact discussed in the opinion, which
were (1) the knowledge of the steamship company of the de-
fective condition of the tripping appliance at the time of the
accident, and (2) that it knowingly acquiesced in the use of

a dangerous appliance. Incidental to these main points were other questions, such as (1) the premature dumping of the tubs due to the worn and defective condition of the tripping appliance; (2) the knowledge of the employees of the steamship company as to the defective and dangerous condition; (3) the character of the defect as to being open and apparent or discoverable by inspection; (4) the knowledge of the defective condition shown on previous occasions as showing knowledge and acquiescence at the time of the accident; (5) negligence of fellow servants; (6) assumption of risk; and (7) contributory negligence of the injured men. Endeavoring to have these questions submitted to the jury with what respective counsel conceived to be proper instructions, many requested instructions were prepared and submitted to the court, with the result that the court, in the attempt to satisfy counsel in the case and leave them no cause for complaint that their respective contentions were not wholly submitted, read forty instructions to the jury.

The first contention of appellant is, in effect, that these long and numerous instructions confused rather than enlightened the jury on the issues submitted. That the instructions are unnecessarily long and contain much repetition must be admitted, but it does not follow that they were confusing and misleading. Nor does the fact of repeated statements of the same rule of law clothed in somewhat different language call for a reversal, unless the repetitions are of such a nature at to emphasize and make some one phase of the law unduly prominent, to the apparent injury of one of the parties. Appellant does not so contend. Nor can it be said that, because the instructions were too lengthy or too numerous, the jury were confused or misled. We do not believe it was necessary to give forty instructions to properly cover the law of this case. This could and should have been done in less than half that number. But while we find this vice in the charge, we are not prepared to say it is sufficient to reverse the judgment when, as was said in *Cameron v. Union Trunk Line*, 10 Wash.

507, 39 Pac. 128, "on the whole we cannot say that a jury of fairly intelligent men would be likely to mistake the real issues to be submitted to them."

Appellant next picks out a number of instructions, and comparing them, claims they are at variance and are contradictory. In instructions 7, 17, and 18, the same rule is stated, in slightly different language, that respondent could not recover if the dangerous and defective condition of the tripping appliance was open, apparent, and patent. In instruction 10, the jury was told that it was the duty of the appellant to furnish appliances that were reasonably safe; that the respondent had a right to rely upon its doing so, and was not required to inspect the hook for defects; that, if respondent knew the gear was out of order and had reported the defect to appellant in time for appellant to have remedied the defect, it was appellant's duty to remedy it before again permitting its use; that respondent had a right to rely upon appellant's performing its duty in this regard unless it actually knew appellant was failing to do its duty, and that appellant cannot escape liability by showing that respondent could have discovered the defect by an examination or inspection of the hook. This instruction is based upon a contract between the parties, whereby appellant assumed the duty of providing proper appliances for the unloading of the steamers. In instructions 15, 22, and 30, the effect of the charge is that it would take actual knowledge of the defective hook at the time of the accident to defeat recovery by respondent. Appellant now says that instructions 7, 17, and 18 are in conflict with 10, 15, 22, and 30, in that, while in the first three it is said recovery will be defeated if the defect is open and apparent, in the last four it is said recovery cannot be defeated unless respondent had actual knowledge of the defect at the time of the accident. We see no conflict between these instructions when read as a whole, unless it can be said there is a conflict between "absolute knowledge" and "actual knowledge;" for in instruction 17, which is one of the in-

structions laying down the rule of no recovery from an open and apparent defect, the court says that such a defect charges appellant with "absolute knowledge" of that condition. Putting the rule of the three instructions into one, and the rule of the other four into another, the jury is told that (1) respondent is chargeable with absolute knowledge of an open and apparent defect, and (2) if the defect is not so open and apparent as to charge respondent with absolute knowledge, it must appear that it had actual knowledge. We see no conflict in so charging.

We are next referred to instructions 6, 8, 9, 25 and 27. Each of these instructions employs the word "knowledge" without any qualifying word. We can find nothing to confuse the jury as between this use of the word "knowledge" in these instructions and "actual knowledge" as used in instructions 10, 15, 22 and 30.

It is next said that, in instructions 11, 12, 17 and 18, the rule of "actual knowledge" is reduced to constructive knowledge. Number 11 charges that notice to respondent's foreman or hatch tender, prior to the accident, of the dangerous condition of the hook would be notice to respondent. Number 12 charges that, where respondent had placed its servants in charge of the work and delegated to such servants the duty to see that safe appliances were furnished, notice to such servants is notice to respondent. Number 17, as we have already said, charges that a person is charged with "absolute knowledge" of an open and apparent defect. Number 18 charges that, if the appliance was so obviously defective that no inspection was necessary to discover it, respondent should have refrained from using it and cannot recover. We do not think appellant's criticism of these instructions can be sustained. The first two of these instructions state the rule that knowledge of the vice principal is knowledge of the principal; the third and fourth, that the law attributes knowledge of an open and obvious defect, and the use knowingly of such a defective and dangerous instrument defeats recovery. These in-

structions in no wise differ from those wherein the court used the phrase "actual knowledge." To have actual knowledge of a certain condition at a certain time means the knowledge must be possessed at that time; not that it must have been obtained or acquired at that time. A man knows today what he learned yesterday. The knowledge he then acquired or obtained he now possesses. What a man knows he actually knows, and to say that the notice or knowledge of a vice principal is notice and knowledge to his principal and binds his principal is laying down no less rule than to say the employer is only bound by what he actually knows, for he actually knows what his vice principal knows so far as knowledge fixes legal responsibility. Nor can we agree with appellant that, in the use of the words "actual knowledge at the time of the accident," the jury understood the court to mean the knowledge must have been actually received the day of the accident, as distinguished from knowledge possessed at the time of the accident, though obtained or acquired before. Neither is there a distinction in the instructions between actual knowledge of a defective condition and an open and obvious defective condition. The jury is plainly told that an open and obvious defect is equivalent to actual knowledge, and that either finding will defeat recovery.

Complaint is next made of instruction 13, to the effect that mere knowledge of the workmen in the ship that the hook was defective was no notice to the steamship company, and the knowledge of such workmen did not constitute knowledge of the steamship company. The instruction is a correct statement of the law as applied to the facts upon which it is predicated. The ordinary rule is that the knowledge of a servant concerning matters the control or supervision of which has been delegated to him by the master, is the knowledge of the master. There was no evidence to bring the workmen referred to by the court in this instruction within this rule.

The next complaint is to instruction 30:

"If you find that the injuries suffered by Wright and Acheson were caused proximately by a defect in said hook, and without fault on their part, or by an assumed risk, or negligence of their fellow servants, or the plaintiff, then I instruct you that the plaintiff in this case is entitled to recover the full amount paid."

Appellant contends that, under this instruction, the respondent would be entitled to recover, even though the jury should find the injury to Wright and Acheson was occasioned by an assumed risk, negligence of their fellow servants, or negligence of respondent. It must be admitted this instruction is faulty in its language, and in. the particulars criticized is vague and misleading. If it stood alone and was the only instruction upon the points it seeks to cover, its faults would require a reversal of this judgment. When, however, we consider the issues in this case and the contention sought to be forced upon the jury by the parties litigant, we believe the jury would disregard the reading of the instruction as contended for by appellant and would catch the meaning intended to be conveyed by the court. The defense was, (1) assumption of risk by Wright and Acheson; (2) that the injury was caused by the negligence of the fellow servants: (3) negligence of the respondent. During the progress of the trial, the appellant had through its witnesses strenuously sought to impress these contentions upon the jury. We may safely assume that, in his argument to the jury, counsel for appellant made it clear to them that it relied upon these contentions being sustained by facts, and if so sustained that, under the instructions of the court, respondent could not recover. The jury, it seems to us, could not have been misled on these points, but went to the jury room with a full and complete understanding that respondent could not recover if the injuries to Wright and Acheson were occasioned by an assumed risk, negligence of their fellow servants, or negligence of respondent; and that they understood the evident intent of the court in giving this instruction to be

that, to sustain a verdict for respondent, they must find the injuries to Wright and Acheson were occasioned by no (1) fault on their part; (2) assumed risk; (3) negligence of fellow servants, or (4) negligence of respondent. The court plainly so instructs them in other instructions, and calls particular attention to such issues. In instruction 4, the jury is told, to sustain a verdict for plaintiff, it must find Wright and Acheson "were injured without fault on their part or without their assuming the risks of the work or without the fault of their co-workers or of the plaintiff." In instruction 24, the jury is told that, in order to find for plaintiff it must be found that Wright was not injured by "a danger ordinarily incident to the work of which he had actual knowledge and assumed the risk, or by negligence of one of his co-workers." Instruction 25 says, "to sustain a verdict for plaintiff, it must be found that plaintiff was not negligent and had not knowledge that the hook was defective." Many other instructions referred to the negligence of respondent and its knowledge of the defective hook as defeating its recovery. Instruction 27 says negligence of a fellow servant would defeat recovery; likewise, that, if the danger was known and appreciated, it would defeat recovery. Instruction 28 says injury from a danger incident to the work of which Wright and Acheson had knowledge, from an assumed risk, or negligence of fellow servants, would defeat recovery. These rules are stated again and again to the jury, and we cannot believe with such a reiteration the faulty language of instruction 30 either misled or confused them. Rather do we believe that, at all times, it was understood that respondent could not recover if the injuries of Wright and Acheson were caused by their own fault, from an assumed risk, from the negligence of fellow servants, or from the negligence of respondent. It seems to us, therefore, unreasonable to assume that, with an understanding of the issues, with the number of instructions putting the issues and the law clearly before them, the jurors understood instruction 30 as appellant con-

tends.  To so believe would be to conclude that the jurors dis-
regarded the issues, the plain rules of law oft repeated to
them by the court, and seized upon this faulty instruction as
the one to guide them in their deliberations.  Admitting, as
we must, the instruction is susceptible of the interpretation
urged by appellant, we think, for the reasons we have given
and in reliance upon the rule we have so oft repeated, that
though an instruction to the jury may be technically errone-
ous, yet when the instructions as a whole fairly and clearly
state the law and it is improbable that the jury was misled by
the technical error, the error should be disregarded.  *Cheichi
v. Northern Pac. R. Co.*, 66 Wash. 36, 118 Pac. 916; *Wiles
v. Northern Pac. R. Co.*, 66 Wash. 337, 119 Pac. 810.
Such is not only our holding, but it is the general rule that
slight verbal or technical inaccuracies, not calculated to mis-
lead the jury, will not vitiate the instructions, if the court
can clearly see, when the whole charge is taken together, what
the idea was which was intended to be conveyed, and that it
must have been so understood as intended; the ultimate test
of the soundness of instructions being, not what the ingenuity
of counsel can at leisure work out the instructions to mean,
but how and in what sense under the evidence before them and
the circumstances of the trial would ordinary men and jurors
understand the instruction.  38 Cyc. 1595-1598.  Thus, the
use of "plaintiff" for "defendant" (*National Enameling &
Stamping Co. v. McCorkle*, 219 Ill. 557, 76 N. E. 843) ; of
"or" for "and" (*Citizens' Gas-Light & Heating Co. v.
O'Brien*, 118 Ill. 174, 8 N. E. 310) ; "with" for "without"
(*Foote v. Brown*, 81 Conn. 218, 70 Atl. 699) ; omission of
the word "not" (*Missouri, K. & T. R. Co. v. Redus*, 55 Tex.
Civ. App. 205, 118 S. W. 208) ; "yes" instead of "no" (*In re
Spencer*, 96 Cal. 448, 31 Pac. 453) ; "influenced" for "unin-
fluenced" (*Anderson v. Anderson*, 128 Ind. 254, 27 N. E.
724), have all been held to be insufficient for reversal, upon
the ground that, under the issues of the case and the language
of other instructions, it was improbable that the jury could

have been misled. Many other like cases have been reviewed and might be cited, but the above will be sufficient to illustrate the rule.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.