[No. 12607.    Department One.    May 14, 1915.]

CONSTANTINO T. MOSSO, *Respondent*, v. E. H. STANTON
COMPANY, *Appellant*.[1]

APPEAL AND ERROR—LAW OF THE CASE.   Questions decided adverse-
ly to appellant upon a first appeal will not be considered on a second
appeal, where the evidence of existing conditions is the same as on
the former trial.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.    Length of
instructions, or repetition of matters contained therein, are not
necessarily matters of prejudice, but the party complaining should
show specifically in what way he is prejudiced thereby.

MUNICIPAL CORPORATIONS—INJURIES TO PEDESTRIAN—ACTIONS—IN-
STRUCTIONS.   In an action for injuries to a pedestrian struck by a
motor truck, in which the plaintiff's evidence showed that he was
struck in the middle of the street and the truck was not where it
should have been in compliance with ordinance regulations, while
defendant's evidence showed that the truck was being driven as
near the right-hand curb as possible, going in the direction it was,
an instruction was not erroneous as determining the defendant's
negligence through violation of the ordinance as to the use of the
street as a matter of law, where it charged the jury that, if they find
that plaintiff "had reached a place in the street where, if the de-
fendant had operated its motor truck in accordance with the pro-
visions of the city ordinance, he would have been out of the danger
zone, then his failure to look north at the time when he started to
cross the street would not preclude a recovery, because of his right
to rely upon the use of the street by defendant in a lawful manner,
and of his right to expect the automobile truck to be in a place
where under the ordinance it had a right to be."

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.   In an action
for personal injuries sustained by a laborer, 35 years of age, capable
of earning $2.50 a day, a verdict for $12,500 was excessive and should
be reduced to $7,500, although some two years after the injury, he
was unable to dispense with a leather and steel jacket to support his
trunk, and the fracture of the vertebrae still exists, and he still
suffers some pain; since the former sum placed at seven per cent in-
terest, would yield him more than his earning capacity for the whole
of his expectancy, and he would still have the principal left.

[1]Reported in 148 Pac. 594.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 30, 1913, upon the verdict of a jury rendered in favor of the plaintiff for $12,500, for personal injuries sustained by a pedestrian struck by a motor truck. Reversed, unless $5,000 is remitted.

*Cannon, Ferris & Swan,* for appellant.

*Don F. Kizer,* for respondent.

Holcomb, J.—This case was before us on a former appeal, and remanded for a new trial on account of an erroneous instruction. For a statement of the facts and the law applying thereto, see the decision on former appeal, 75 Wash. 220, 134 Pac. 941. On the former trial, the jury awarded respondent $5,500. On retrial the jury allowed $12,500. In the last trial, the evidence as to the manner of the happening of the accident and the details surrounding it was the same as in the former trial. The law of the case was, therefore, settled by the former decision.

The appellant again insists that the undisputed physical facts necessitate a reversal of the judgment, but the conditions existing were proven the same as in the former trial, and the contention as to undisputed physical facts was there passed upon adversely to appellant.

Appellant complains, also, of the length of the instructions as a whole, urging that they tend to confuse and not to enlighten the jury; but does not attempt to show specifically that they in any way prejudiced appellant. Neither the length nor the brevity of the instructions to the jury is necessarily prejudicial. From an examination of the instructions as a whole, we do not consider that the length of them or the repetition of various matters contained therein would necessarily prejudice appellant. *Alaska Steamship Co. v. Pacific Coast Gypsum Co.,* 78 Wash. 247, 138 Pac. 875.

Appellant complains also of an instruction as follows:

"If you should find from the evidence that the plaintiff, immediately before he started to cross the street failed to

look north to observe whether there were approaching vehicles, and if you should find that such failure to look north amounted to negligence, that is, it was the failure to exercise ordinary care on his part, yet if you further find that he had reached a place on the street where, if the defendant had operated its motor truck in accordance with the provisions of the city ordinance, he would have been out of the danger zone, then his failure to look north at the time when he started to cross the street would not preclude a recovery, because of his right to rely upon the use of the street by the defendant in a lawful manner, and of his right to expect the automobile truck to be at a place where under the ordinance it had a right to be."

This, argues appellant, under the decision in *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876, determined the matter of the negligence of appellant by violating the ordinance as to use of the street as a matter of law, instead of submitting it to the jury as a matter of fact. We do not so consider it. The appellant's theory, and testimony introduced in support thereof, was that its automobile truck was being driven at the time of the happening as near the right-hand curb as possible, going in the direction it was, in accordance with the provisions of the ordinance. It did not seek to excuse its motor truck being in the middle of the street, but rested its case upon the theory that it obeyed the ordinance. On the other hand, the respondent and all his witnesses testified that the automobile truck struck the respondent in the middle of the street, and that therefore the truck was not where it should have been to comply with the ordinance. The instruction was therefore not erroneous.

There are other matters urged by the appellant which we think were all settled on the appeal in the former case and not necessary to be noticed now. Appellant, however, does contend that the verdict of $12,500 is excessive, and that the size thereof indicates passion and prejudice on the part of the jury. The former verdict of $5,500 was indeed small, where the injuries were of the character of the injuries to respond-

ent.  It is, of course, impossible to measure in dollars and cents the amount of money that should be paid for the pain and suffering.  It is useless to undertake to measure recovery therefor, and yet there must be a limit placed somewhere. The second trial occurred something like a year and a half after the first trial and something like two years after the injury.  The second trial showed that the respondent is still unable to dispense with the leather and steel jacket which supports his trunk, that the fracture of the vertebrae still exists, and that the respondent can do no more than a little gardening by standing straight and using a hoe.  This, of course, shows a slight earning power.  He still suffers some pain.  At the time of his injury, he was able to earn $2.50 a day, and could do no other than manual labor.  He was then thirty-three years of age and his expectancy was thirty-one years.  His earning capacity was not to exceed $800 a year, and it is a lamentable fact that, after a man passes middle life, his earning capacity in manual labor decreases and usually decreases very rapidly.  If he were permitted to recover $12,500, this sum placed at interest at seven per cent would yield him $875 per annum, and for thirty-one years would bring $2,325 over and above his earning capacity per annum if it remained at the full capacity, and still have the principal left.  We think it too much.

While this court dislikes to interfere with the prerogative of the jury in passing upon a question of fact, when the verdict shows that it could not have been based upon the testimony, it becomes its duty to interfere.  *Vowell v. Issaquah Coal Co.*, 31 Wash. 103, 71 Pac. 725.  The sum of $7,500 placed at interest at seven per cent, which is a low and reasonable rate, would yield $525 per annum, which would probably be the average earning capacity at the utmost of the respondent during the period of his expectancy.  He still has some slight earning capacity.  We think, therefore, that $7,500 is all that respondent is entitled to.

If the respondent will elect to accept $7,500 and costs in the court below and on appeal, within twenty days after the opinion is filed, then a judgment will be entered for that amount.   Otherwise a new trial will be granted.   If the remission of $5,000 is not made as directed, the appellant will be entitled to a new trial with costs of this appeal.

MORRIS, C. J., CHADWICK, PARKER, and MOUNT, JJ., concur.