[No. 18069. *En Banc.* March 6, 1924.]

J. W. QUEEN, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

STREET RAILROADS (20)—NEGLIGENCE—QUESTION FOR JURY. The negligence of a street car conductor, at a street intersection, is for the jury where, in a snow storm, he approached without any warning, going thirty miles an hour, and struck an automobile which he did not see until after the crash.

SAME (30)—CONTRIBUTORY NEGLIGENCE — DRIVER OF VEHICLES — QUESTION FOR JURY. The driver of an automobile is not guilty of contributory negligence as a matter of law, in driving on street car tracks in a snow storm in which he could not see further than twenty feet, where he slowed to intermediate gear, looked and listened, and could observe no street car approaching (BRIDGES, FULLERTON, and MACKINTOSH, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered November 3, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained in a collision between an automobile and a street car. Affirmed.

*Post, Russell & Higgins,* for appellant.

*S. Edelstein,* for respondent.

PEMBERTON, J.—Respondent recovered judgment for damages resulting from injuries received by his

[1]Reported in 223 Pac. 1045.

automobile being struck by a street car at the street intersection of Rich avenue and Addison street, in the city of Spokane. The street car track runs north and south upon Addison street. Respondent was proceeding westerly along Rich avenue. At the time of the accident, there was a severe snow storm. When respondent reached Standard street, about six hundred feet east of Addison street, he stopped his automobile for the purpose of determining his bearing. He wiped the snow from his windshield and observed that he had not yet reached the street car line. When he arrived near Addison street, he slowed his car to intermediate gear, looked north and south, and also listened for the approach of the street car. Observing no street car, he proceeded to cross the track. When the front wheels of his car had passed the east rail of the west track, he observed the street car approaching and attempted to force his car to the left, but was unable to avoid the accident. His car was thrown onto a vacant lot about one-half block to the south. From a judgment in favor of respondent, entered upon the verdict of a jury, this appeal is taken.

Appellant does not ask for a new trial, but relies entirely upon its motion for judgment notwithstanding the verdict.

It is contended that there was no negligence shown on the part of appellant and that there was contributory negligence on the part of respondent. There is testimony that there was no warning of any kind given by the motorman of the street car, and that he stated to respondent immediately after the accident: "Where did you come from? I never saw you until I heard the crash." There was some testimony that the street car was going at the rate of thirty miles an hour and ran two hundred feet from the point of the collision before stopping.

Even though the street car had the right of way under these facts, the question of the negligence of appellant was for the jury. *Plastino v. Seattle,* 119 Wash. 195, 205 Pac. 404; *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12; *Sparling v. Seattle,* 126 Wash. 444, 218 Pac. 200.

This is not a case where a person claims to have looked for an approaching street car in plain view and no reason given for not seeing the same. The testimony of the respondent shows that, because of the snow storm, one could not see further than twenty feet from the automobile. Under the testimony of respondent we cannot say, as a matter of law, that he was guilty of contributory negligence. It was for the jury to determine whether or not respondent acted as a reasonably prudent person would have acted under the circumstances. *Reed v. Tacoma R. & P. Co.,* 117 Wash. 547, 201 Pac. 783; *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787; *Nabours v. Seattle,* 113 Wash. 557, 194 Pac. 800.

The facts having been properly submitted to the jury, the judgment is affirmed.

MAIN, C. J., MITCHELL, HOLCOMB, TOLMAN, and PARKER, JJ., concur.

BRIDGES, J. (dissenting)—I dissent because I think the testimony conclusively shows that respondent was guilty of contributory negligence.

FULLERTON and MACKINTOSH, JJ., concur with BRIDGES, J.