[No. 19983.   Department Two.   July 2, 1926.]

S. OKADA *et al., Appellants,* v. THE CITY OF SEATTLE,
*Respondent.*[1]

[1] STREET RAILROADS (20, 28)—ACCIDENT AT CROSSING—CONTRIB-
UTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of an
automobile is guilty of contributory negligence, as a matter of
law, in attempting to cross a street car track in the face of an on-
coming street car which he saw approaching the crossing, where
either he was so near that he had no time to cross, or he was
slow in crossing and should have looked a second time and
stopped his car before attempting to cross the tracks.

Appeal from a judgment of the superior court for
King county, Mills, J., entered January 12, 1926, in
favor of the defendant, notwithstanding the verdict of
a jury rendered in favor of the plaintiffs, in an action
in tort. Affirmed.

*Clem J. Whittemore, J. Speed Smith* and *Henry
Elliott, Jr.,* for appellants.

*Thomas J. L. Kennedy, Geo. A. Meagher,* and *Walter
L. Baumgartner,* for respondent.

MACKINTOSH, J.—After the jury had returned a ver-
dict awarding damages to the appellants for personal
injuries, a motion for judgment notwithstanding the
verdict was granted, occasioning this appeal.

The action arose out of a collision between a street
car owned by the respondent and an automobile owned
and driven by the appellants. The automobile was pro-
ceeding for a distance parallel to the street car tracks,
and the driver, the appellant husband, was desirous of
crossing the tracks, and testifies that before proceeding
to do so he looked to his right and saw the street car
approaching at a distance of seven hundred or eight
hundred feet. A street car would have been visible on

[1]Reported in 247 Pac. 729.

the tracks at anywhere from one thousand to two thousand feet. That he then proceeded slowly across the tracks, and that he did not again see the street car until he was within a few feet of it, too late to avoid it.

The question is as to whether, as a matter of law, he was guilty of contributory negligence.

[1] Under the testimony in the case, either one of two things is certain. First: That, when he looked and saw the street car, it was at no such distance as he testified, for, with his automobile going at the rate of speed testified to by himself and his witnesses, it was physically impossible for the street car to have traveled any distance approximating seven hundred or eight hundred feet. Taking the testimony of himself and his witnesses as true as to the rate of speed at which he was driving, the street car must have been, when he looked, so close to him that he was guilty of contributory negligence in attempting to pass in front of it, in view of the condition of the crossing, with which he was familiar, and of the right of way accorded to the street car, with knowledge of which he is charged.

Second: If, however, his testimony is correct, that, when he looked, the street car was at such a distance that he felt safe in proceeding across the tracks, it must be that he so delayed his passage across the tracks that he had no right to rely upon that first and only view of the street car.

There is some testimony which would indicate that this is the true situation: That, in attempting to pass over this rough and uneven crossing, having put his car in low gear, it slipped back in attempting to make the ascent necessary in order to cross the track, and that this delayed the automobile's progress, so that the driver was guilty of contributory negligence in relying

upon the look he had made in the direction of the approaching car. He had no right to proceed across the track, then, without having taken another look; for, if he had done so, the collision would never have taken place, since his testimony is that he could have stopped within the space of three and a half feet, whereas it was necessary for him to travel some ten feet or so in order to reach the first rail of the track on which the street car was approaching.

Consequently, under either view which may be taken of the appellant's own testimony, he is guilty of contributory negligence, and the trial court was correct in so holding and in granting judgment notwithstanding the verdict.

Judgment affirmed.

Tolman, C. J., Parker, Askren, and Mitchell, JJ., concur.