[No. 19535.  Department Two.  August 14, 1926.]

THOMAS KIRKMAN ISITT et al., Respondents, v. THE
CITY OF SEATTLE, Appellant.[1]

[1] STREET RAILROADS (30)—CONTRIBUTORY NEGLIGENCE—DRIVER OF
VEHICLE—QUESTION FOR JURY. The negligence of a driver of an
automobile, struck by a street car at an intersection, is a ques-
tion for the jury, where it appears that he was driving slowly,
that the night was dark and rainy, that he was giving close
attention to the traffic and was unable to escape from the street
car, which was not seen until too late.

[2] TRIAL (83)—INSTRUCTIONS—FORM AND LANGUAGE IN GENERAL.
Error cannot be assigned upon a portion of the instructions when
the whole, as read together, correctly states the rule.

[3] NEGLIGENCE (44)—TRIAL (83-1)—INSTRUCTIONS—REPETITION—
CONTRIBUTORY NEGLIGENCE. Where the jury is properly instructed
that contributory negligence was an absolute defense, it is not
error to fail to repeat words to that effect as a conclusion to
other instructions as to negligence of the defendant.

[4] STREET RAILWAYS (33)—INSTRUCTIONS—AS TO MANAGEMENT OF
CARS. It is not error to refuse to instruct as to a motor man's
right to assume that an automobile would yield the right of way
and not cross the tracks in front of an oncoming street car,
where it does not appear that the driver of the automobile saw
or had any notice of the approach of the street car.

Appeal from a judgment of the superior court for
King county, Paul, J., entered May 25, 1925, upon the
verdict of a jury rendered in favor of the plaintiffs in
an action for personal injuries.  Affirmed.

*Thomas J. L. Kennedy* and *Geo. A. Meagher,* for ap-
pellant.

*Stanley J. Padden* and *George F. Ward,* for respond-
ents.

TOLMAN, C. J.—This action grows out of a collision
between an automobile and a street car.

[1]Reported in 248 Pac. 379.

A trial before a jury resulted in a verdict for the plaintiffs in the sum of $4,150. From a judgment on the verdict, defendant has appealed. The errors assigned go to the sufficiency of the evidence to take the case to the jury or sustain the verdict, and to the instructions given and refused.

The accident occurred on a February evening which was dark, windy and rainy. Respondents were proceeding easterly on Harrison street in the city of Seattle in a Ford sedan, the husband on the left, driving, and the wife beside him on the right.

[1] There was ample evidence from which the jury might find that respondents' car, as it approached Broad street, upon which the street car operated, was traveling about ten miles per hour, and that, when thirty to forty feet from the street car track, the automobile was slowed down to approximately two miles per hour, and both husband and wife looked to the left for traffic approaching on Broad street. The windows of the sedan were open, affording those in the front seat the best possible opportunity to see and hear. The husband thought he could see down Broad street a distance of two hundred fifty feet, but says he saw and heard nothing indicating the approach of a street car or other traffic. The wife thought she could see one hundred seventy-five to two hundred feet, and saw nothing, save a dim light in the distance. The driver of the sedan then increased his speed to approximately eight miles per hour, and both of the respondents gave their attention to automobile traffic which was approaching down Broad street from their right; they intending to make a left turn after crossing the car track and take a place in the traffic moving north on Broad street. As the front wheels of the sedan reached the first rail of the car track, an automobile from their right passed, going north, and then for the first time

respondents saw and heard, or heard and saw, a street car bearing down upon them from their left, only about sixty feet away and, as they say, coming at a speed of thirty miles per hour, or more. The husband testified that, with his automobile going at eight miles per hour, it was utterly impossible to stop and back up and the only chance of escape lay in increasing his speed forward. This he undertook to do, but unsuccessfully, and the accident followed.

There was much other testimony tending to show negligence on the part of the operator of the street car, but as we understand appellant's position, it does not deny that there was ample evidence to take that question to the jury, but only asserts that respondents were guilty of such contributory negligence as should defeat their action.

We think the facts in this case bring it well within the rule announced in *Swanson v. Pacific Northwest Traction Co.*, 121 Wash. 96, 208 Pac. 10; *Sparling v. Seattle*, 126 Wash. 444, 218 Pac. 200; *Radford v. Seattle*, 127 Wash. 445, 221 Pac. 597; and *Queen v. Washington Water Power Co.*, 128 Wash. 553, 223 Pac. 1045; and that under that rule, now well settled, the question of contributory negligence was for the jury.

The recent cases cited by the appellant can all be distinguished on the facts.

The cases which we have just cited dispose also of some of the appellant's objections to instructions, and it seems unnecessary to enter into a discussion of questions already decided.

[2] The court gave an instruction on failure to keep the window before the motorman so cleared from the falling rain as to enable him, when approaching a street intersection, to keep a reasonable lookout. Appellant seizes upon a portion only of the instruction

and argues that it lays down a rule which will prevent all movements of street cars in stormy weather. The instruction must, of course, be read as a whole, and when so read we see no harm in it. It is all a question of reasonable care under such circumstances and conditions as may be shown to exist, and we think the jury could not have understood otherwise.

[3] Appellant also complains of three instructions defining negligence which conclude in effect: that if the jury finds the city so negligent, then its verdict must be for the plaintiffs; and omits the usual qualifying clause: Unless you also find plaintiffs were guilty of contributory negligence as herein defined. But since, in other portions of the instructions, the court fully advised the jury that contributory negligence, if proven, was an absolute defense, it must be presumed that the jury well understood, and that no repetition was necessary.

[4] The last question raised is as to the instructions refused, and appellant's argument in that respect is based upon the refusal to give an instruction as follows:

"I instruct you that the operator of a street-car has a right to assume, until the contrary becomes evident, that one approaching the street-car tracks in an automobile will give the street-car the right-of-way, as provided by law, and such operator is not required to attempt to bring the street-car to a standstill because the automobile may be seen to be approaching the tracks, but has a right to assume, until the contrary appears, that the occupants of such automobile will use reasonable care for their own protection and will give the street-car the right-of-way to which it is entitled under the law, and that those in charge of such street-car are not required to limit or stop the street-car until it is apparent that those in the automobile about to cross the track are not aware of its approach or do not intend to give it the right-of-way."

Appellant strenuously contends that this instruction states the law, and cites a number of our cases as sustaining it; but in those cases the discussion was general, and no mention was made of the particular qualification urged here by the respondent as being necessary to make this instruction proper. The essential thing omitted, it is argued, is that the motorman's right to assume that others will keep out of danger arises only in those cases where the person making the assumption does not see, is not put on notice of, or in the exercise of reasonable care cannot see, the apparent danger; citing *Heg v. Mullen,* 115 Wash. 252, 197 Pac. 51. In other words, it is urged that the requested instruction, if given, would have entirely relieved the operator of the street car from the duty of exercising reasonable care in that respect, and for that reason it is contended the instruction fails to state the law. However that may be, perhaps if it had been given, we might have assumed that its deficiency, if any, was cured by other instructions, but do not now determine that question. If we assume the instruction correctly states the law, its rejection was not error, as its subject was sufficiently and correctly covered by other instructions.

Finding no prejudicial error, the judgment is affirmed.

Askren, Parker, Mackintosh, and Mitchell, JJ., concur.