[No. 21282. Department Two. October 31, 1928.]

C. S. HILSTAD *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*

EVELYN HILSTAD, *by her Guardian ad litem C. S. Hilstad, Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 271 Pac. 264.

*Thomas J. L. Kennedy* and *A. C. Van Soelen,* for appellant.

*Roberts, Skeel & Holman* and *Frank Hunter,* for respondents.

FRENCH, J.—C. S. Hilstad, together with his wife and two small children, was driving east on Jackson street in the city of Seattle, at 5:30 p. m. on December 26, 1926. At about the time they were entering the intersection of Jackson street and Twenty-sixth avenue south, Mr. Hilstad saw, approaching him from the east, a street car which he thought was about a block away. He signaled to turn left, and, according to his testimony, made a rather wide turn, and, just as he was about to cross the north street car track, he suddenly discovered the street car within thirty or forty feet of him. He attempted to accelerate his car and get across, but his testimony is that the street car was coming too fast and he could not do so. It had been a rainy day and was still somewhat misty. It was, of course, dark at the time of the accident. There was no other street car or automobile in sight. The automobile in question was a new Ford sedan. It was hit by the street car on the right side, about the middle. Evelyn Hilstad, the minor child, being eight years of age, was somewhat injured, and the parents were quite severely injured. The automobile was badly wrecked.

An action for damages was commenced by Hilstad and wife; and another, brought by Evelyn Hilstad, a minor, by C. S. Hilstad, her guardian ad litem; and the two cases were consolidated for trial. The jury returned a verdict in favor of Evelyn Hilstad, the minor, for fifteen hundred dollars, and returned a verdict in favor of the defendant, city of Seattle, in the action waged by the parents for their own injuries.

Thereafter a new trial was granted to C. S. Hilstad and wife, and judgment entered on the verdict in favor of Evelyn Hilstad, the minor. The city has appealed both from the order granting a new trial and from the judgment rendered in favor of the minor child.

First, touching on the case of Evelyn Hilstad, there are, practically speaking, but two errors assigned: first, the instructions of the court; and second, the amount of the verdict.

The trial court instructed the jury that,

". . . contributory negligence, if any, on the part of the parents is no defense to the complaint of a minor child of tender years for her own personal injuries."

Appellant does not seriously urge that this instruction does not state the law correctly, but seems to argue that the question is a new one in this state and suggests that the court should pass squarely on the question and adopt a rule.

"In cases of injury to, or wrongful death of, a child, where the action is brought by a parent for his own benefit, the contributory negligence of the parent, the actual plaintiff, will, of course, bar a recovery. It is obvious that such cases afford no support to the doctrine that the negligence of the parent is to be imputed to the child. Both the ethical basis of the rule of imputed negligence and sound authority sustain the view that, where the child is the real plaintiff in an action for his own injury, the parent's contributory negligence is no defense. This view is certainly sustained by reason, and is now supported by the great weight of authority. 1 Shearman & Redfield, Negligence (6th ed.), § 71. *Bellefontaine & I. R. Co. v. Snyder,* 18 Ohio St. 399; *Bellefontaine & I. R. Co. v. Snyder,* 24 Ohio St. 670; *Western Union Tel. Co. v. Hoffman,* 80 Tex. 420, 15 S. W. 1048, 26 Am. St. 759; *Pratt Coal & Iron Co. v. Brawley,* 83 Ala. 371, 3 South. 555, 3 Am. St. 751; *Atchison, T. & S. F. R. Co., v. Calhoun,* 18 Okl. 75,

89 Pac. 207; *Robinson v. Cone,* 22 Vt. 213, 54 Am. Dec. 67. At any rate this court is committed to that view. *Roth v. Union Depot Co.,* 13 Wash. 525, 43 Pac. 641, 31 L. R. A. 855; *Eskildsen v. Seattle,* 29 Wash. 583, 70 Pac. 64.'' *Gregg v. King County,* 80 Wash. 196, 141 Pac. 340.

We are content to abide by the rule of law there announced, and hold that, in an action brought by a minor child of tender years, negligence of the parents cannot be imputed to the child.

Counsel for appellant very seriously urge that the verdict of fifteen hundred dollars is excessive. The injuries complained of were largely cuts and bruises. The evidence discloses that some of these cuts on the face of this little girl will probably produce lasting and permanent scars. The trial court, in addition to hearing the testimony, had an opportunity to observe the nature and extent of these scars, and the possibility of the little girl's face being permanently disfigured in at least some degree. Having, under circumstances such as these, refused to interfere with the verdict, this court does not feel inclined so to do. This is peculiarly a case where this court should not attempt to substitute its judgment for that of the trial court. A cut on the face of a little girl, the written description of which might make the injury seem very slight, may possibly be so located as to permanently disfigure her face to at least some extent. The trial court having refused to interfere with the amount of the verdict, this court will not do so.

The order granting a new trial to C. S. Hilstad and wife does not specify on what ground the new trial was granted. Our attention has been called, however, to the following instruction given:

''You are instructed that, in order for the plaintiffs to recover in this case, they must prove, by a fair preponderance of the evidence, not only that the defend-

ant was guilty of negligence which caused the injuries, if any, sustained by the plaintiffs, *and that the plaintiffs were themselves free from negligence which materially contributed thereto as the proximate cause thereof,* but they must further prove by a fair preponderance of the evidence that such negligence was the proximate cause of said injuries.''

The error of this instruction we think is plainly apparent. The jury in the case of the minor child having found that the appellant was guilty of negligence, it became at once of great importance for the jury to determine just where the burden of proof would be on the question of contributory negligence, and by this instruction the jury was certainly misled. *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39.

It is, however, contended by the city that Hilstad and wife were guilty of contributory negligence as a matter of law under the facts of this case. As we read the record, Hilstad testified that, as he was about to enter this intersection, he saw a street car approaching approximately one block away; that he then signaled for a left hand turn, assuming that he had plenty of time; and we think it may safely be assumed that, if the street car was one block away and running at a lawful rate of speed, there was abundant time to cross the track in safety. It was dark and misty and Hilstad might have erred in his judgment of distance. There is, however, abundant testimony in the record that the street car was running down grade at an excessive rate of speed. A passenger, waiting to take the street car, having signaled the same, testified that the car was going from thirty to thirty-five miles an hour. There is testimony in the record that, before reaching the crossing, the brakes of the street car were set and the wheels reversed and that, in this condition, it traveled from seventy-five to one hundred feet before being brought to a stop. The

testimony is practically undisputed that no gong or bell was sounded by the car.

Appellant relies principally on the case of *Okada v. Seattle,* 139 Wash. 433, 247 Pac. 729. But in that case the physical facts taken in conjunction with certain of the testimony indicated that the automobile had probably stopped, and had consumed more time in getting to the street car track than the driver thereof realized. Also, in that case it was broad daylight. We think the facts in that case are sufficient to distinguish it from the one at bar, and that the better rule of law is the one laid down in *Isitt v. Seattle,* 140 Wash. 161, 248 Pac. 379, holding that, in cases such as this, the question of contributory negligence is one for the jury.

Judgment affirmed.

FULLERTON, C. J., ASKREN, PARKER, and MAIN, JJ., concur.