[No. 25009. *En Banc.* October 26, 1934.]

EDWARD BREDEMEYER, *a minor, by Phil M. Jensen, his Guardian Ad Litem, Respondent,* v. OMUND JOHNSON *et al., Appellants.*[1]

*Shank, Belt & Rode,* for appellants.

*Padden & Moriarty,* for respondent.

[1]Reported in 36 P. (2d) 1062.

BLAKE, J.—This action is the result of a collision between a motorcycle ridden by plaintiff and an automobile driven by defendant Omund Johnson. The collision occurred about five forty-five P. M., March 25, 1932, in the intersection of Forty-second avenue north and Ashworth street, Seattle. The latter street runs north and south; Forty-second avenue, east and west. Neither is an arterial highway. The intersection is one where a driver's view is obstructed. Rem. Rev. Stat., § 6362-3 [P. C. § 196-3] (b) 2. Plaintiff was traveling east on Forty-second avenue; the defendant north on Ashworth. From judgment entered upon the verdict of a jury in favor of plaintiff, defendants appeal.

Appellants make sixteen assignments of error, which, for discussion, may be grouped as follows: (1) Insufficiency of the evidence to make a case for the jury; (2) error in sustaining objection to a question propounded to respondent on cross-examination; (3) error in giving instructions, and error in refusing to give an instruction as requested by appellants.

No contention is made that the evidence is insufficient to take the case to the jury on the question of appellant's negligence. It is asserted that respondent was guilty of contributory negligence as a matter of law. This argument is put upon two grounds: (a) That respondent, being in the disfavored position, failed to exercise reasonable care in entering the intersection, and failed to yield the right of way, as required by Rem. Rev. Stat., § 6362-41 [P. C. § 196-41] (14); and (b) that respondent violated the provisions of a city ordinance relative to the carrying of passengers on motorcycles.

On the evidence, the case is peculiarly one for the jury, with respect to the negligence of both appellant and respondent. The point of impact was to the north

and east of the center of the intersection. Each endeavored to avoid the collision by turning away from the other; the appellant turning to his right, the respondent to his left. The result was that the right side of the motorcycle (about the middle) came into contact with the left side of the automobile at a point about midway between the windshield and the front end of the hood. The force of the impact was so great that it was heard a block away. Respondent was thrown to the inside of the sidewalk at the north-east corner of the intersection—a distance of twenty-five or thirty feet. His passenger was hurled a like distance to a point in the parking strip between the curb and sidewalk on the east side of Ashworth street and north of Forty-second avenue.

From these facts, we can draw only one irrefutable deduction: Either appellant or respondent, or both, were going at an excessive rate of speed. The testimony of each points to the other as the offender—at the same time exonerating himself of offense.

We are concerned now only with the question as to whether respondent's evidence exonerated him of contributory negligence as a matter of law. Briefly, his evidence on that point is as follows: That Forty-second avenue approaches Ashworth street from the west on an ascending grade of four and one-half per cent; that the view at the southwest corner of the intersection was obstructed by a slight bank, shrubbery and a cedar tree which stood in the parking strip on the west side of Ashworth street, about one hundred eight feet south of the south curb line of Forty-second avenue; that, just north of the cedar tree, an automobile was parked on the west side of Ashworth street; that, at a point just to the west of the west curb line of Ashworth street, he slowed down almost to a stop, looked south on Ashworth street, and there being no ap-

proaching cars within the range of his vision (which extended to the cedar tree), he went into second gear and proceeded across the intersection at a rate of about eight miles per hour; that, when he was a little past the middle of Ashworth street, he first saw appellant's car approaching; that the automobile at that moment was at the south line of Forty-second avenue; that he (respondent) speeded up and turned to the left to avoid the impending collision; that the collision occurred when the front wheel of his motorcycle had gotten across the intersection.

We fail to see what other precautions respondent could have taken. He was not only not guilty of contributory negligence as a matter of law, but if his evidence is to be believed (and the jury did believe it), he was free from contributory negligence as a matter of fact. *Hilstad v. Seattle,* 149 Wash. 483, 271 Pac. 264; *McHugh v. Mason,* 154 Wash. 572, 283 Pac. 184; *Martin v. Westinghouse Electric & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098; *Murphy v. Hunziker,* 164 Wash. 40, 2 P. (2d) 270.

An ordinance of the city of Seattle provides:

"Section 14. No person driving or operating a motorcycle of less than three wheels shall carry any other person thereon except upon a seat in the rear of the rider or driver of such vehicle, and no person so riding or driving shall occupy any movable seat or seat cushion or saddle of a temporary character in front of the seat designed and intended for his use."

The respondent's motorcycle was a single seated affair. His passenger was sitting upon the seat behind him. Of course, the violation of the ordinance constituted negligence. *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92. Whether it amounted to contributory negligence as a matter of law is another question. In some cases, violation of positive law so conclusively appears to be the proximate cause of

injury that it will be held to constitute contributory negligence as a matter of law. *Keller v. Breneman, supra; Price v. Gabel,* 162 Wash. 275, 298 Pac. 444. But this is not such a case. The theory of appellant is that the passenger interfered with respondent's manipulation of the motorcycle; that, but for such interference, respondent could have made a quicker, shorter turn to the left and thus have avoided the collision.

The evidence is in conflict on this point. It is not at all clear to us that respondent could, under any circumstances, have avoided the collision after he first observed appellant's car entering the intersection. The question as to whether the violation of the ordinance was a proximate cause of the collision was for the jury. *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597.

On cross-examination of respondent, the court sustained an objection to the following question: "Supposing you were making a turn, how much shorter could you make a turn when he (the passenger) was not on there?" The question was pertinent to the issues, but we do not think the ruling was prejudicial, because the subject was later gone into. The court, subsequent to the ruling complained of, said:

"If the presence of this boy on the seat with the driver interfered with the operation of the car and was in any way a contributing cause of the accident it would be proper to show that if you can do so."

Pursuant to this observation, respondent was permitted to answer (among others of a similar import) the following question:

"How much effect did the fact that you had this boy right on the seat with you, how much effect did it have on your turn that you attempted to make to avoid the collision?"

230

■ Under assignments of error three to nine, inclusive, appellant complains of instructions given by the court. We do not understand that appellant claims that these instructions contain any erroneous statement of law, or that they are inapplicable to the issues. His position is that they needlessly reiterate the principle that appellant's right of way at the intersection was relative, and did not relieve him of the obligation to keep a reasonable lookout and to exercise reasonable care.

We think there is ground for the criticism. But repetition or redundancy in instructions does not justify a reversal, unless it is carried to such an extent as to be prejudicial. *Alaska Steamship Co. v. Pacific Coast Gypsum Co.*, 78 Wash. 247, 138 Pac. 875; *Mosso v. Stanton Co.*, 85 Wash. 499, 148 Pac. 594. Appellant cites *Palmer Investment Corporation v. Seattle*, 161 Wash. 460, 297 Pac. 783, as holding the contrary. We do not understand the decision in that case to turn upon needless repetition of a correct principle of law, but an erroneous statement of law.

■ Errors assigned to the giving of other instructions and the refusal to give an instruction requested by appellant are based on the theory that the burden was on respondent to show that violation of the ordinance above referred to was *not* a proximate cause of the collision. In support of this position, he cites *Price v. Gabel, supra,* and *Millspaugh v. Alert Transfer & Storage Co.*, 145 Wash. 111, 259 Pac. 22. In the latter case, it is said:

"It is settled law in this state that a thing done in violation of positive law is in itself negligence. . . . But it does place the burden upon the party guilty of a violation of positive law to show that such violation did not contribute to the injury in any material degree. . . .

"Since the appellant was guilty of negligence in

operating his motorcycle in violation of the state law, and since he did not show that such negligence did not contribute to the injury he received, we conclude that the trial court did not err in its judgment dismissing his action."

We do not think this statement is consonant with the principle, recognized in a long line of decisions of this court, that the burden of proving contributory negligence is upon the defendant. *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79; *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39; *Hilstad v. Seattle,* 149 Wash. 483, 271 Pac. 264. The defense of contributory negligence is not established unless the negligence on the part of the person injured proximately contributes to the injury. *Switzer v. Sherwood,* 80 Wash. 19, 141 Pac. 181, Ann. Cas. 1917A, 216; *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597. In *White v. Kline,* 119 Wash. 45, 204 Pac. 796, it is said:

"Of course, it is negligence *per se* to operate a vehicle without complying with the positive requirements of a statute or ordinance in regard to such operation, but that does not mean that the person guilty of negligence in that respect cannot recover against someone else whose negligence immediately occasioned the injury. Negligence arising from the violation of a statute has the same effect as any other negligence; if it is not the proximate cause of the injury it will avoid liability, the same as any other negligence."

The instructions complained of were correct statements of the law. The case of *Millspaugh v. Alert Transfer & Storage Co.,* 145 Wash. 111, 259 Pac. 22, is overruled, in so far as it holds that the burden of proof is on a plaintiff to show that negligence on his part is not a proximate cause of the injury.

Judgment affirmed.

ALL CONCUR.