[No. 27140.   Department Two.   August 8, 1938.]

CARL H. PERREN, *by Christine Perren, his Guardian ad Litem, Respondent,* v. WILLIAM PRESS *et al., Appellants.*[1]

[1]Reported in 81 P. (2d) 867.

*John F. McCarthy,* for appellants.

*E. D. Germain,* for respondent.

BLAKE, J.—This action grows out of an automobile collision which occurred in the city of Longview, at the intersection of Oregon way and Columbia way. Oregon way extends north and south, and is paved to a width of twenty feet. Columbia way, extending from the east, terminates in Oregon way. To the west of the intersection is a paved roadway, extending southwesterly to the north end of the Longview Columbia river bridge. This roadway is upon property owned by the bridge company. In other words, it is not a public highway in the strict sense of the term, notwithstanding the fact that it constitutes a segment of one of the principal lines of vehicular traffic between Washington and Oregon.

The plaintiff, after coming across the bridge, was intending to go east on Columbia way. While in the intersection, his car was struck broadside by the defendants' car, which was going south on Oregon way, toward the Port dock. Plaintiff brought this action to recover damages to his person and his car. The cause was tried to a jury, which returned a verdict in his

16

favor. From judgment entered on the verdict, defendants appeal.

Appellants' assignments of error may be disposed of under three headings: (1) Sufficiency of the evidence to sustain the verdict; (2) error in the giving of an instruction and in the refusal of the court to give a requested instruction; and (3) error in entering judgment against the community and William Press personally.

*First:* Appellants urge that, under the evidence, respondent should be held guilty of contributory negligence as a matter of law. As was said in the recent case of *Vercruysse v. Cascade Laundry Co.,* 193 Wash. 184, 74 P. (2d) 920:

"We must, in passing upon the question . . ., not only regard all competent evidence in the record which is favorable to the plaintiffs as true, but must also give them the benefit of every favorable inference which may reasonably be drawn from such evidence. If, when so considered, the record reveals sufficient competent evidence to support the verdict, the judgment must be affirmed."

Viewing the evidence in that light, we think the jury was warranted in finding that respondent approached Oregon way at a rate of speed of twelve to fifteen miles an hour; that, at a point about twelve or fifteen feet from the westerly edge of the pavement on Oregon way, he slowed down a little; that appellants' car could then be observed approaching from the north along the center of the pavement at a distance of from one hundred eighty to two hundred feet from the intersection; that, without stopping, respondent quickened his speed and proceeded across Oregon way; that, after he had crossed the median line of the pavement on Oregon way, appellants' car, veering to its left side of the pavement, struck the body of respondent's car, near the driver's seat; that, at a distance of fifty to sixty feet

from the intersection, appellants' car was traveling at a speed of forty to fifty miles an hour.

We are satisfied that, upon this evidence, the questions of negligence and contributory negligence were for the jury. *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

But appellants contend that respondent was guilty of contributory negligence as a matter of law, in that he failed to stop before entering the intersection. This contention is predicated upon chapter 189, Laws of 1937, p. 899, § 92, which provides:

"It shall be unlawful for the operator of a vehicle to emerge from any alley, driveway, building exit, private way or private property or from off the roadway of any public highway, onto the roadway of any public highway or across a sidewalk or into the sidewalk area extending across any such alley, driveway, building exit, private way or private property without bringing such vehicle to a full stop and yielding the right of way to all pedestrians upon such sidewalk and all vehicles upon such public highway." Rem. Rev. Stat., Vol. 7A, § 6360-92 [P. C. § 2696-850].

Conceding, without deciding, that the statute is applicable to the situation with which we are confronted, the question as to whether or not the failure to stop contributed in any appreciable degree to the collision was for the jury, under appropriate instructions. While violation of positive law constitutes negligence, it is not actionable unless it is a proximate cause of injury. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684. Nor will it defeat recovery, unless it contributes in an appreciable degree to the injury. *Greater Motors Corporation v. Metropolitan Taxi Co.,* 115 Wash. 451, 197 Pac. 327.

*Second:* The appellants obviously had the foregoing rule in mind when they proposed the follow-

ing instruction, for the refusal to give which they assign error:

"You are instructed that an act done in violation of the state law is in itself negligence and that it is the duty of the party seeking damages for injuries to his person or property to prove from a preponderance of the evidence that such violation of the state law, if any, did not approximately contribute to his injury in any material degree."

The court properly refused to give the instruction. The burden was upon the appellants to prove contributory negligence by a preponderance of the evidence. *Hilstad v. Seattle,* 149 Wash. 483, 271 Pac. 264. Included in the burden is the element that respondent's negligence must be shown to have contributed in an appreciable degree to his injuries. *Bredemeyer v. Johnson,* 179 Wash. 225, 36 P. (2) 1062. The fact that respondent might have been guilty of negligence, in that he violated the above quoted statute, does not affect the burden of proof with respect to contributory negligence. The burden was still upon appellants to prove that such negligence proximately contributed to respondent's injury. For, as was said in *White v. Kline,* 119 Wash. 45, 204 Pac. 796:

"Of course, it is negligence *per se* to operate a vehicle without complying with the positive requirements of a statute or ordinance in regard to such operation, but that does not mean that the person guilty of negligence in that respect cannot recover against someone else whose negligence immediately occasioned the injury. Negligence arising from the violation of a statute has the same effect as any other negligence; if it is not the proximate cause of the injury it will avoid liability, the same as any other negligence."

The court did not err in refusing the requested instruction.

■ Appellants assign error upon the following instruction given by the court:

"The laws of the state of Washington provide: 'Whenever any person is operating any vehicle upon any public highway of this state he shall at all times drive the same to the right of the center of such highway.' "

The instruction was a correct general statement of law pertinent to respondent's version of the evidence. If there were any facts or circumstances shown by the evidence which would justify the driver of appellants' car in being on the wrong side of the street, it was incumbent upon them to present a request qualifying the instruction. In the absence of such a request, they will not be heard to complain of the instruction given. *Meacham v. Gjarde*, 194 Wash. 526, 78 P. (2d) 605.

■■ *Third:* At the time of the collision, the car was being driven by Mrs. Press. Judgment entered was against the "defendants William Press and Mary Press and each of them." William Press contends that it was error to enter judgment against him and the community; that neither he nor the community is liable for the tort of Mrs. Press. It was alleged in the complaint that

"William Press and [Mary] Press . . . are husband and wife . . . and were the owners of that certain Ford automobile hereinafter referred to, which auto was used for the benefit and pleasure of defendants as a community."

In their answer, the appellants admitted that "they are husband and wife and the owners of a certain Ford automobile hereinafter referred to." This admission is followed by allegations by way of affirmative defense, which identify the automobile "hereinafter referred to" as the one designated in respondent's complaint. No evidence was offered with respect to the ownership and use of the car, other than that the appellant wife

was driving at the time of the collision—the respondent apparently being content to rest his claim of community liability upon the admissions contained in the answer.

Upon quite similar allegations and admissions, this court has held that such a judgment constitutes a personal judgment against the husband and wife, but not against the community. *Anderson v. Grandy*, 154 Wash. 547, 283 Pac. 186. The theory underlying that holding is that the husband and wife were partners in the ownership of the car. The court explicitly declined to say whether or not the husband, who was not driving the car at the time of collision, would have been held personally liable had a judgment been sought against the community.

We think, however, that it was an unnecessary precaution to reserve that question. For the court was already committed to the proposition that the spouse who does *not* commit the tort cannot be held personally liable. *Hicks v. Baumgartner*, 96 Wash. 71, 164 Pac. 743. In that case, it appears that the husband was driving the car. The judgment ran against "the defendants [husband and wife] and each of them." The court held that this constituted not only a judgment against the community, but a personal judgment against each of the defendants. The court further held that, in so far as it constituted a personal judgment against the wife, it was erroneous. The cause was remanded, with directions to modify the judgment accordingly.

We are of the view that, under the holding in *Hicks v. Baumgartner, supra,* the court erred in entering a personal judgment against William Press. For the husband is not personally liable for the tort of the wife. Rem. Rev. Stat., § 6904 [P. C. § 1426]; *Killingsworth v. Keen,* 89 Wash. 597, 154 Pac. 1096.

The appellants further contend that, under *Anderson v. Grandy, supra,* the judgment as against the com-

munity is unwarranted. After quoting the allegations of the complaint and the admissions contained in the answer in that case, the court said:

"So far as can be determined from this record, this case proceeded not upon the theory of community property or community liability, but upon the theory of joint ownership of the automobile and the driving of it by Mrs. Grandy in the common interest of herself and Mr. Grandy, apart from the fact that they happened to be husband and wife. So, it seems to us that we must now approach our problem from that viewpoint."

While we have said that the allegations of the complaint and the admissions contained in the answer in the instant case are similar to those contained in the pleadings in the cited case, it is apparent from the allegations of the complaint that respondent was seeking to fasten liability upon the community. We think, therefore, the admissions contained in appellant's answer are sufficient to establish, *prima facie,* ownership of the car in the community. Consequently, ownership having been established, the community is liable, in the absence of proof that the car, at the time of the collision, was *not* being used for a community purpose. *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59; *Switzer v. Sherwood,* 80 Wash. 19, 141 Pac. 181.

The cause will be remanded, with directions that the judgment be so modified as to run against the appellant Mary Press and the community consisting of William Press and Mary Press.

BEALS, ROBINSON, MILLARD, and SIMPSON, JJ., concur.