[No. 22747. Department Two. March 27, 1931.]

A. L. PALMER INVESTMENT CORPORATION, *Respondent,* v. THE CITY OF SEATTLE, *Appellant,* S. A. MOCERI, *Defendant.*[1]

[1]Reported in 297 Pac. 783.

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

TOLMAN, C. J.—Respondent, as plaintiff, brought this action to recover for damages caused to its building at the northeast corner of Ballard avenue and Dock place, in the city of Seattle, by a collision between a street car owned and operated by the city of Seattle, in its proprietary capacity, and a truck owned and operated by the defendant Moceri, which collision caused the truck to be forced against and into the building, thus inflict- ing the damage complained of.

The case was tried to a jury, resulting in a verdict against the city and in favor of the defendant Moceri, releasing him from liability. From a judgment on the verdict, the city has appealed.

There was testimony to the effect that the Moceri truck, heavily laden, was proceeding easterly on Dock place. As the driver approached or entered the intersection, he saw on his right a street car coming from the south and proceeding toward him in a northerly direction at an estimated distance of two hundred feet. The driver testified, in substance, that he thought he had ample time to cross the intersection, and would have done so if the street car had been moving at a normal rate of speed.

This and other evidence in the case presents the issue which was discussed in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, strengthened by the additional right of way given to street cars by the city ordinance. The court gave to the jury the following instructions, to all of which the city duly excepted:

"No. 5. You are instructed that under the provisions of Section 54 of Ordinance No. 53223, of the city

of Seattle, which was in full force and effect on the 2d day of August, 1929, street cars were entitled to the track and to the right of way thereon at all times, except as to certain vehicles not involved in this action.

"The term 'right of way,' however, is a relative term only, and if you believe from the evidence that the truck was in the intersection of Ballard avenue and Dock place and was proceeding to cross the intersection before the street car arrived at the intersection, and without any negligence on the part of the truck driver, then it was the duty of the operator of the street car to slacken the speed of the car or to stop it, if in the exercise of ordinary care he could do so, in order to avoid striking said truck."

"No. 7. You are instructed that the driver of the defendant's truck had the right to assume that any street car operating in the city of Seattle would be equipped with proper and efficient brakes, and that the operator of said street car would use ordinary care in maintaining a proper lookout ahead and would apply his brakes and make a reasonable effort to avoid a collision, and the truck driver would not be negligent in acting upon this assumption until he knew, or in the exercise of ordinary care should have known, otherwise."

"No. 8. The driver of a vehicle approaching a street car crossing is entitled to presume that an approaching street car will be moved at that point under control of the motorman who is keeping a reasonable lookout ahead, and keeping his car under such reasonable control as is commensurate with the situation at such point, having due regard to the general traffic, and the probable danger of collision and the conduct of the driver of a vehicle in attempting to cross in face of an approaching street car is to be measured with regard to his right to rely on the street car being under such control, and the opportunity of the motorman to observe in making such crossing.

"It is not necessarily negligence for a driver of an automobile truck to attempt to cross over a street car track at a crossing in face of an approaching car, if under all the circumstances a reasonably careful driver

would be justified in believing that he could pass over in safety, relying on the duty that both he and those in charge of the street car must act with reasonable regard to the rights of others.''

Instruction No. 5 is not so far faulty as to call for a reversal, because, standing alone, or read in connection with other proper instructions, it would not mislead the jury; but instructions Nos. 7 and 8, when read in connection with instruction No. 5, make the whole present a very erroneous view. The effect is to say to the jury that, notwithstanding that the street car had the right of way, still the driver of the truck might drive upon the track in defiance of that right, and in the face of the immediately on-coming street car, and place the whole duty of avoiding the collision upon the operator of the street car. We do not think that has ever been the law, and certainly it has not been the law since the decision in *Martin v. Hadenfeldt, supra.* The case just cited furnishes the rule which should have been applied.

Because of the error in the instructions, the judgment is reversed with directions to grant a new trial.

BEALS, MILLARD, and BEELER, JJ., concur.

FULLERTON, J., concurs in the result.