[No. 23347. Department One. March 21, 1932.]

H. TESHIROGI, *Respondent,* v. NELLIE BELANGER *et al., Appellants.*[1]

[1]Reported in 9 P. (2d) 66.

*Karr & Gregory,* for appellants.

*Smith, Matthews & Dunn,* for respondent.

HERMAN, J.—June 2, 1930, plaintiff was driving his Ford delivery wagon north on Twenty-first avenue north, in the city of Seattle. Defendant Ludger J. Belanger was driving west, on east Republican street, a Ford coupe belonging to his wife, the other defendant, and was approaching Twenty-first avenue north from the east. A collision occurred in the intersection of the two streets mentioned, resulting in personal injuries to plaintiff and property damage, for which plaintiff sued defendants. A trial in the superior court before a jury resulted in a verdict and judgment for plaintiff, from which defendants have appealed.

Appellants set forth three assignments of error: (1) The court erred in denying appellants' motion for nonsuit at the close of respondent's case; (2) the court erred in refusing to grant appellants' motion for directed verdict; and (3) the court erred in denying appellants' motion for judgment notwithstanding the verdict and motion for a new trial. All the foregoing motions were made on the ground that respondent, by his own testimony, was guilty of contributory negligence as a matter of law. The assignments of error will be considered collectively.

Appellant Ludger J. Belanger was driving his wife's car from east to west along east Republican street, which is twenty-five feet wide. Respondent was traveling north on Twenty-first avenue north. Mr. Belanger was the driver on the right, while respondent was the disfavored driver. On the southeast corner of the street intersection was a lot, built up with rocks, on which stood a vacant house and on which high grass was growing. This high lot, or bank, and the grass growing thereon obstructed the view of drivers of cars

approaching from the south and east, as were respondent and appellants.

A study of the record indicates that, at the trial, respondent, a Japanese, was somewhat handicapped by a misunderstanding of some questions and an inability to express himself clearly in the English language. The statement of facts shows that this was so apparent that, on two different days, during the course of his examination some member of the jury interjected his efforts to prevent respondent from becoming confused. We find that respondent's evidence with reference to what happened immediately prior to the accident was such that the jury could have accepted as true the following testimony, and based upon it their verdict for respondent:

Respondent was driving a new Ford delivery car, which had run approximately nine hundred miles. He had never driven the car in excess of fifteen miles per hour. He had made a delivery in the block immediately south of the street intersection where the accident happened. He approached and crossed the street intersection at a rate of speed of about ten or twelve miles per hour. The bank, or elevated lot, adjoins the sidewalk. When he approached the street intersection, he looked to the right, and when he entered the intersection he looked to the right and could see a distance of between one-quarter and one-half block, but did not see appellants approaching. He looked to the left and continued on his course until he reached the center of the intersection, when he again looked to the right and saw appellants approaching in the automobile, about one-quarter block away, at a rate of speed greater than twenty-five miles per hour. Respondent believed he had ample time to avoid a collision and continued on his course without increasing his speed.

As he was leaving the intersection, half of his truck

having crossed the north line thereof, the car driven by appellant Ludger J. Belanger struck the right rear wheel of respondent's truck, inflicting the personal injuries and property damage for which respondent seeks to recover in this action. There was also testimony by Mrs. Belanger that, as they approached the street intersection, appellants were looking for street markings on the telephone poles in order to ascertain their whereabouts.

Appellants call attention to Rem. 1927 Sup., § 6362-41, subdivision (14), which provides:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

This section of the statute does not necessarily require the disfavored driver to stop and let the driver of the vehicle on his right pass through the intersection before the disfavored driver enters·it. Neither does the law accord the favored driver· the right to collide with any vehicle in the intersection that may be on his left when the driver of that vehicle has complied with the statute and accorded to the favored driver ample space in which, by the exercise of reasonable care, to pass safely across the intersection. The right of way accorded to the favored driver is merely a relative right, and must be reasonably asserted.

The facts in this case are in many respects similar to those in *Murphy v. Hunziker*, 164 Wash. 40, 2 P. (2d) 270, where the court said:

"The appellant contends, however, that the respondent [who was the disfavored driver] also was guilty of negligence, in that he did not come to a still slower

speed or stop still before he entered the intersection, and did not keep looking north along Dayton avenue until he came to the very margin of the avenue, and did not sound the horn as he approached the intersection. But we cannot say from the record, which we have examined thoroughly, that the jury was not justified in believing that the respondent did all that an ordinarily prudent driver would have done in the same or similar circumstances.''

In *Romano v. Short Line Stage Company*, 142 Wash. 419, 253 Pac. 657, the court announced:

"The rule, however, which this court has uniformly adopted is that an action for personal injuries should not be taken from the jury on the ground of plaintiff's contributory negligence, unless the same so clearly appears that reasonable minds cannot differ as to the usual and probable results of the acts proved. *Fobes Supply Co. v. Kendrick*, 88 Wash. 284, 152 Pac. 1028; *Brandt v. Northern Pacific R. Co.*, 105 Wash. 138, 177 Pac. 806, 181 Pac. 682; *Hillerbrant v. Manz*, 71 Wash. 250, 128 Pac. 892.''

In view of the evidence in the case at bar, the trial court properly submitted to the jury determination of the question as to whether respondent looked out for and gave right of way to vehicles on his right. The evidence in the case was not inconsistent with a verdict for respondent.

No error of law that occurred at the trial of the cause having been called to our attention, we hold the motion for a new trial was properly denied.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.