[No. 23822.   Department Two.   June 8, 1932.]

E. M. McINTYRE *et al., Respondents,* v. C. ERICKSON
*et al., Appellants.*[1]

*Preston, Thorgrimson & Turner* and *Hartman &
Hartman,* for appellants.

*Pearson & Potts,* for respondents.

MILLARD, J.—This action was brought to recover for
personal injuries and property damage sustained by
the plaintiffs as the result of a collision of plaintiffs'
and defendants' automobiles at the intersection of Bel-
mont avenue and east Pike street, in the city of Se-
attle.   From judgment on the verdict in favor of the
plaintiffs, the defendants appealed.

Invoking the statute,

"Drivers, when approaching public highway inter-
sections, shall look out for and give right of way to
vehicles on their right, simultaneously approaching a
given point within the intersection, and whether such

[1]Reported in 12 P. (2d) 399.

vehicles first enter and reach the intersection or not: . . . '' Rem. 1927 Sup., § 6362-41, subd. 14,

appellants contend that the two automobiles were simultaneously approaching a given point within the intersection, and that respondents' failure to yield the right of way to the appellants' automobile on respondents' right was the proximate cause of the accident. It is insisted that the respondents' negligence contributed to the collision to such a degree as to require the court to hold, as a matter of law, that it barred respondents' right to a recovery.

Ordinarily, the question of contributory negligence is for the jury. A court will determine the question only when but one reasonable conclusion can be reached from a given state of facts. It clearly appears from the facts, which are summarized as follows, that the trial court did not err in submitting to the jury the question of contributory negligence.

The collision occurred about seven-fifteen p. m., January 20, 1931, at the intersection of Belmont avenue and east Pike street, in the city of Seattle. The course of east Pike street is east and west. In the center of that street, which is forty-eight feet wide between curbs, are double street car tracks. East Pike street is intersected at right angles by Belmont avenue, which runs north and south. The streets were dry. The intersection was well lighted. The headlight on each of the colliding automobiles was functioning. No cars, other than respondents' automobile and appellants' automobile, were close to the intersection at the time of the accident.

Respondent husband, with whom was his wife, was proceeding in his Ford automobile easterly on east Pike street. At a point fifty to sixty feet from the intersection, while traveling fifteen to twenty miles an

hour, respondent husband gave the proper hand signal of his intention to turn north on Belmont avenue, thus making a left turn. He decreased the speed of his car to make the turn and was crossing the intersection at the rate of from ten to twelve miles an hour when the collision occurred.

Appellant wife, accompanied by her husband, was driving a Chevrolet automobile westerly on east Pike street. When respondents were starting to cross, being headed north and about on the first or south car track (approximately thirty-three feet south of the north curb line extended of east Pike street), respondent driver first saw appellants' automobile about one hundred and fifty feet to the east, or to the right of respondents' car. Respondent driver testified that he could not tell how fast the appellants' car was traveling; that, while it was approaching quite rapidly, he did not think there was any danger of collision.

Respondent driver, who did not watch the appellants' automobile all of the time while he was crossing the street, next saw appellants' automobile when it was sixty to sixty-five feet east of respondents' automobile. At that time, the front end of respondents' automobile was about fifteen feet south of the north curb line of east Pike street. Respondent driver testified that he estimated the speed of appellants' automobile at that time at thirty to thirty-five miles an hour, and that he was traveling about ten to twelve miles an hour.

Appellants testified that they were driving about twenty miles an hour between streets; that they did not see respondents' automobile until appellants' automobile was within the intersection and about three feet east of respondents' automobile.

When the rear of respondents' automobile was about six feet south of the north curb line and east of

the center line of Belmont avenue (which placed the front of respondents' automobile outside the intersection and gave to appellants eighteen feet of the north half of east Pike street), appellants' automobile collided with the right rear wheel of respondents' automobile, resulting in personal injuries and property damage to recover for which respondents instituted this action.

When Mr. McIntyre was headed north within the intersection east of the center line of Belmont avenue and thirty-three feet south of the north curb of east Pike street, he saw the car of appellants approaching from the right about one hundred and fifty feet distant. While appellants' automobile was approaching quite rapidly, there was nothing to apprise the respondents that appellants' automobile was then exceeding the lawful rate of speed. Appellants insisted they were then, and at the time they entered the intersection, traveling at the rate of twenty miles an hour. Respondents had the right to assume that the approaching car would not exceed the speed limit fixed by law, and that, before entering the intersection, the speed of appellants' automobile would be diminished until it could cross the intersection at a speed of not more than the lawful rate of fifteen miles an hour.

While the respondents were traveling thirty-three feet at the rate of ten to twelve miles an hour, appellants had to travel a distance of one hundred and fifty feet. If appellants were not then exceeding the speed limit—they testified they were traveling twenty miles an hour, and respondent driver testified that, while appellants' car was approaching quite rapidly, he did not think there was any danger of a collision—the margin of safety was ample.

In *Martin v. Westinghouse Elec. & Mfg. Co.*, 162 Wash. 150, 297 Pac. 1098, the respondent approached an intersection from the disfavored position. His car was struck, after traveling within the intersection thirty or forty feet at the rate of twelve or fifteen miles an hour, by a car approaching from the favored position having one hundred and twenty feet to travel to reach the intersection. In the case at bar, the respondents' car was struck after traveling within the intersection twenty-seven feet of the required distance of thirty-three feet at the rate of ten or twelve miles an hour by a car approaching from the favored position having one hundred and fifty feet to travel to arrive at the intersection. We held in *Martin v. Westinghouse Elec. & Mfg. Co., supra,* that whether the respondent was guilty of contributory negligence, depended upon whether he acted as a reasonably prudent man, being in the disfavored position, in attempting to cross the intersection while the other car was approaching from the favored position; that the question was one of fact for the jury. We said:

"It cannot be held, as a matter of law, that there was not a reasonable margin of safety, nor that Mr. Martin failed to act as a reasonably prudent man in attempting to cross the intersection, because, if the other car had not been exceeding the speed limit in approaching the intersection, and in crossing the portion thereof which it traversed before the impact, the Willys-Knight would have had ample time to pass out of the intersection, and there would have been no collision. The question was one of fact for the jury."

When respondents were fifteen feet south of the north curb line of east Pike street, the automobile of appellants was then sixty to sixty-five feet to the east, and its speed had been increased to thirty or thirty-five miles an hour. Not yet had the appellants, according to their own testimony, seen the respondents' automo-

bile. Nor did they see respondents' automobile until three feet east of it and when the rear of respondents' automobile was not more than six or seven feet south of, and the front of respondents' automobile had crossed, the north curb line.

If the appellants had observed the rules of the road, the respondents would have had ample time to cross over the intersection prior to the collision. The appellants had of the forty-eight feet between the north and south curb lines of east Pike street a clear space of not less than forty-two feet south of the rear of respondents' automobile. Surely, that was a sufficient yielding of the right of way.

The statute (Rem. 1927 Sup., § 6362-41, Subd. 14) as we said in *Teshirogi v. Belanger,* 167 Wash. 278, 9 P. (2d) 66,

". . . does not necessarily require the disfavored driver to stop and let the driver of the vehicle on his right pass through the intersection before the disfavored driver enters it. Neither does the law accord the favored driver the right to collide with any vehicle in the intersection that may be on his left when the driver of that vehicle has complied with the statute and accorded to the favored driver ample space in which, by the exercise of reasonable care, to pass safely across the intersection. The right of way accorded to the favored driver is merely a relative right, and must be reasonably asserted."

Whether respondents looked out for and gave the right of way to vehicles on their right, was a question of fact which the trial court properly submitted to the jury for determination.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and BEALS, JJ., concur.