[No. 28453.   Department One.   October 31, 1941.]

MABEL HERNDON, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 118 P. (2d) 421.

*Sam L. Levinson* and *Jay Friedman,* for appellant.

*A. C. Van Soelen, C. C. McCullough,* and *John A. Logan,* for respondent.

MILLARD, J.—An automobile, proceeding west on Seneca street in the city of Seattle, September 22, 1940, collided, within the intersection of that street and Second avenue, with a street car proceeding south on Second avenue. As a result of that collision, plaintiff, a guest of the operator of the automobile, sus-

tained personal injuries. She instituted this action to recover against the city of Seattle because of those injuries. Trial of the cause to the court sitting with a jury resulted in verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied.

On the ground, in the light of *Palmer Inv. Corp. v. Seattle,* 161 Wash. 460, 297 Pac. 783, that instructions Nos. 7 and 9 erroneously charged the jury respecting the relative duties of defendant's operator and the driver of the automobile, defendant's motion for new trial was granted. The trial court stated additional grounds for granting defendant's motion for new trial were error in the giving of instructions Nos. 10 and 11, and misconduct of a juror in going to the scene of the accident. The court stated that, if the juror's misconduct had been the only error committed, he would be hesitant in holding it sufficient to grant a new trial. The trial court also stated that, while there was some inconsistency between instructions Nos. 10 and 11, that might not be so seriously considered by the court were it not for the error in giving instructions Nos. 7 and 9. From the order granting a new trial, and failure of the court to enter judgment on the verdict, plaintiff appeals.

It is unnecessary to detail the evidence, of which there was sufficient—respondent so concedes—to take to the jury the question of negligence.

By instruction No. 14, the court charged the jury as follows:

"You are instructed that on the date of the accident in question there was in full force and effect Ordinance No. 68700, Section 72, reading, in part, as follows:

" 'Street railway cars shall be entitled to the track and to the right-of-way thereon at all times . . .

" 'It shall be unlawful to fail to yield the right-of-way as in this section provided.'

"In this connection, you are further instructed as follows:

"(a) All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both the driver of an automobile and the operator of a streetcar.

"(b) The primary duty, however, of avoiding a collision between a streetcar and an automobile rests upon the driver of the automobile by reason of the ordinance just read you, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

"(c) If a streetcar and an automobile collide within an intersection, then the driver of the automobile has failed to accord to the streetcar the right of way to which, by ordinance, it is entitled, unless the driver of such automobile assumes and meets the burden of producing evidence that the operator of the streetcar was wrongfully, negligently or unlawfully operating his car as would deceive a reasonably prudent automobile driver and warrant him in going forward upon the assumption that he has the right to proceed."

By instruction No. 15 the jury was charged:

"You are instructed that as a matter of law the motorman of a streetcar is entitled to assume that persons using the street upon which the streetcar is being operated will use ordinary care for their own safety and that the motorman has the right to act upon such assumption. It is not necessary for him to stop or attempt to stop his car until he sees, or in the exercise of reasonable care should see, that another person or his property is in apparent danger. While the right to use the street is a joint right of the whole public, streetcars have the right of way over other vehicles crossing the defendant's streetcar tracks, and the motorman of a streetcar has the right, under the law, to rely upon and act in accordance with this rule."

In another instruction the jury was charged that, if it found from a preponderance of the evidence that

the collision was proximately caused solely by negligence of the driver of the automobile, its verdict should be in favor of the respondent and against the appellant.

By instruction No. 7, the jury was charged that the operator of an automobile, approaching street car tracks and crossing the same, is entitled to assume that a street car will be moved at a reasonable rate of speed by the motorman, and that the motorman is keeping a reasonable lookout ahead and is exercising such reasonable care in the operation of the street car as is commensurate with the situation at such point, having due regard to the general traffic and the probable danger of a collision, unless the driver of an automobile in the exercise of reasonable care would determine otherwise. The court further charged the jury by that instruction that it was not necessarily negligent for the automobilist to endeavor to cross over a street car track at a crossing as a street car was approaching if, under all of the circumstances, a reasonably careful driver could justifiably believe that he could pass over in safety, relying upon the duty that both he, the automobilist, and those in charge of the street car must act with reasonable regard to the rights of others. The court charged the jury by instruction No. 8 as follows:

"You are instructed that it devolved upon the operator of the defendant's streetcar in question to operate the same at a rate of speed which was under all of the circumstances reasonable and careful, taking into consideration the conditions existing at the point of operation and the amount and character of the traffic.

"If you find from the preponderance of the evidence in this case that at and immediately prior to the time of the collision herein the defendant's streetcar was being driven at a rate of speed which was not reasonably careful and prudent under all of the circumstances, then the defendant has been guilty of negli-

gence in that respect, and if such negligence was one of the proximate causes of plaintiff's injuries, then the plaintiff is entitled to recover such damages as you find she has sustained."

Instruction No. 9 reads as follows:

"While the ordinance of the City of Seattle in force and effect at the time of the collision herein gave a streetcar operated by the defendant the right of way over other vehicles crossing the defendant's streetcar tracks, it would be incumbent upon the defendant or the operators of its streetcar, regardless of the fact that the right of way was so given them as aforesaid, to exercise reasonable care in the operation of said streetcars.

"If, therefore, you find in this case by a preponderance of the evidence that the defendant's streetcar was not at and immediately prior to the time of the collision herein being operated in a careful and prudent manner under all of the circumstances, then the defendant would be guilty of negligence, regardless of the fact that its streetcar had the right of way, and if such negligence was the proximate cause of the plaintiff's injuries, then the defendant is liable for such damages as the plaintiff has sustained."

Instructions Nos. 10 and 11 read as follows:

"You are instructed that if the plaintiff is injured as the result of the joint negligence of the driver of the automobile, in which she is riding as a guest, and the operator of a streetcar, then she has a right to maintain an action against either or both of the persons whose combined acts of negligence caused her injury. The standard of care to be applied to each of said persons, however, will be based upon the relationship between the plaintiff and the person causing her injury. In the case of the driver, she must prove wilful negligence before she can recover, and proof of ordinary negligence will sustain a recovery on her part against the defendant City of Seattle. The law of this state does not recognize comparative negligence and the division of damages. If the plaintiff establishes negligence within the degree required against either

of the persons causing her injuries, then she can recover for the full amount of her damages against such person."

"I instruct you that when the negligent acts of two or more persons are combined to proximately cause an injury to a third person, each of said persons is responsible to the person injured for the whole damage which may result from the joint acts of negligence, and a person so injured may maintain an action against either or both of the persons causing his injury for the full amount of the injury. This is true even though the standard of care toward the injured person may be different in the case of the two persons causing the injury."

As stated above, the trial court was of the view that instructions Nos. 7 and 9 were erroneous in the light of our opinion in *Palmer Inv. Corp. v. Seattle*, 161 Wash. 460, 297 Pac. 783.

*Palmer Inv. Corp., supra*, is distinguishable from the case at bar. An examination of the record in the case cited discloses that the court instructed the jury that, while there was no statutory limit covering the speed of street cars, it was the duty of the city of Seattle to exercise reasonable care in the operation of the street car and to keep same under control; that, if the failure of the city to exercise such care was one of the proximate causes of the injury, a verdict should be found in favor of the plaintiff against the city. We did not, in our opinion, discuss that instruction. Instructions Nos. 5, 7, and 8, reading as follows, were quoted in our opinion in the case cited:

"You are instructed that under the provisions of Section 54 of Ordinance No. 53223, of the city of Seattle, which was in full force and effect on the 2d day of August, 1929, street cars were entitled to the track and to the right of way thereon at all times, except as to certain vehicles not involved in this action.

"The term 'right of way,' however, is a relative term only, and if you believe from the evidence that the

truck was in the intersection of Ballard Avenue and Dock Place and was proceeding to cross the intersection before the street car arrived at the intersection, and without any negligence on the part of the truck driver, then it was the duty of the operator of the street car to slacken the speed of the car or to stop it, if in the exercise of ordinary care he could do so, in order to avoid striking said truck."

"You are instructed that the driver of the defendant's truck had the right to assume that any street car operating in the city of Seattle would be equipped with proper and efficient brakes, and that the operator of said street car would use ordinary care in maintaining a proper lookout ahead and would apply his brakes and make a reasonable effort to avoid a collision, and the truck driver would not be negligent in acting upon this assumption until he knew, or in the exercise of ordinary care should have known, otherwise."

"The driver of a vehicle approaching a street car crossing is entitled to presume that an approaching street car will be moved at that point under control of the motorman who is keeping a reasonable lookout ahead, and keeping his car under such reasonable control as is commensurate with the situation at such point, having due regard to the general traffic, and the probable danger of collision and the conduct of the driver of a vehicle in attempting to cross in face of an approaching street car is to be measured with regard to his right to rely on the street car being under such control, and the opportunity of the motorman to observe in making such crossing.

"It is not necessarily negligence for a driver of an automobile truck to attempt to cross over a street car track at a crossing in face of an approaching car, if under all the circumstances a reasonably careful driver would be justified in believing that he could pass over in safety, relying on the duty that both he and those in charge of the street car must act with reasonable regard to the rights of others."

Instruction No. 6 in *Palmer Inv. Corp. v. Seattle, supra,* was not quoted in our opinion. That instruction charged the jury that it was the duty of the operator

of the street car at all times to operate same at a reasonable speed under the attending conditions and circumstances. Instruction No. 5 in the *Palmer* case we did not deem prejudicially erroneous standing alone, or if read in connection with other proper instructions. Under instruction No. 5, if the operator of the automobile was within the intersection, without negligence on his part, it then became the duty of the street car operator to slacken speed or stop the street· car to prevent collision with the motor vehicle. There is nothing in that instruction respecting the duty of the operator of the motor vehicle to recognize the right of way, prior to his arrival at the intersection, as an element in the determination of the negligence of the operator of the motor vehicle in getting into the intersection.

Under instructions Nos. 7 and 8 of the *Palmer* case, the standard of care and the conduct of the driver of the motor vehicle are to be measured not by the *relative* right of way of the street car, but upon the motor vehicle operator's reliance that the street car would be operated at a reasonable rate of speed, and· the opportunity of the operator of the street car to observe in making the crossing.

We stated in the course of our opinion in *Palmer Inv. Corp. v. Seattle, supra,* that instruction No. 5 was not prejudicially erroneous, because if it stood alone, or if it were read with other proper instructions, it would not mislead the jury; but the effect of instructions Nos. 7 and 8, when read in connection with instruction No. 5, was to charge the jury that, while the street car had the right of way, the operator of the motor vehicle might drive upon the track in defiance of that right, and in the face of the immediately oncoming street car, and place the whole duty of avoiding the collision upon the operator of the street car.

In other words, the vice consisted in the failure to instruct the jury as to the duty of the automobilist to yield the right of way to the street car, and the right of the motorman to rely on the fact that he had the right of way. In the *Palmer* case the instructions practically ignore the right of way granted to the street car. In the case at bar there is not even a suggestion that, if the automobile was in the intersection before the street car, it was the duty of the operator of the street car to slacken speed. In the *Palmer* case the jury was told by instruction No. 7 that the driver of the motor vehicle had the right to assume that the street car was being operated properly and that the driver would not be negligent if he acted on that assumption. In the case at bar, instruction No. 9 (to which the lower court compares instruction No. 7 in the *Palmer* case) charges the jury that the street car has the right of way, and that the operator of the street car still had the duty of exercising reasonable care.

Instruction No. 8 in the *Palmer* case differs substantially from instruction No. 7 in the case at bar although portions of the instructions used almost the same language. The first part of both instructions, that the driver of a vehicle approaching a street car crossing is entitled to assume that the approaching street car will be operated by the motorman in a reasonable manner, is substantially the same. So, too, the last paragraph of instruction No. 8 of the *Palmer* case and the last portion of instruction No. 7 in the case at bar are not dissimilar where they charge the jury that it is not necessarily negligence for the driver of a motor vehicle to cross over a street car track in the face of an approaching street car, if, under all the circumstances, a reasonably careful driver would be justified in the belief that he could pass over in safety. Stand-

ing alone these two statements are not erroneous. See *Fredericks v. Seattle,* 159 Wash. 224, 292 Pac. 427, a street car automobile collision case; and *Teshirogi v. Belanger,* 167 Wash. 278, 9 P. (2d) 66.

The vital portion of instruction No. 7 in the case at bar is not at all, in language or meaning, similar to instruction No. 8 in the *Palmer* case, in which, it will be noted, instruction No. 8 reads:

" . . . and the conduct of the driver of a vehicle in attempting to cross in face of an approaching street car is to be measured with regard to his right to rely on the street car being under such control, and the opportunity of the motorman to observe in making such crossing."

In instruction No. 7 in the case at bar, the sentence to which the foregoing is compared reads: " . . . unless the driver of an automobile in the exercise of reasonable care would determine otherwise."

The vice stressed in the instructions in the *Palmer* case that notwithstanding that the street car had the right of way, still the driver of the motor vehicle might drive upon the track in defiance of that right, is not present in the instructions of which respondent complains. All that instruction No. 7, in the case at bar, told the jury was that the driver of the automobile has a right to assume that the operator of the street car is acting as a reasonably prudent man, unless, in the exercise of reasonable care, he determines otherwise. The effect of the instructions in the *Palmer* case, in which there were no other proper instructions to aid the challenged instructions, was to place the entire burden of avoiding the collision upon the operator of the street car.

If instructions Nos. 7 and 9 in the case at bar are read in connection with other proper instructions which are quoted above, the jury was not misled. The

jury was charged that, as a matter of law, not only is the motorman entitled to assume that all persons crossing the tracks will use ordinary care for their own safety, but also that street cars have the right of way over other vehicles crossing the tracks, and that the motorman has the right under the law to act in accordance therewith. That is to say, the reliance by the motorman on this assumption is a factor which the driver of a motor vehicle must recognize and to which he must give due consideration.

Instructions must be considered as a whole, and where they, as a whole, fairly state the law, there is no prejudicial error even if detached statements are technically erroneous. It is not possible, if instructions Nos. 7 and 9 are read in connection with instructions Nos. 14 and 15, to interpret the effect of these instructions as placing the entire burden upon the operator of the street car, which is the basis of the reversal in the *Palmer* case.

"It is not necessary that each instruction contain a complete exposition of the law applying to the point in controversy. *Thornton v. Eneroth, ante* p. 250, 39 P. (2d) 379; *Comstock v. Morse,* 107 Cal. App. 71, 290 Pac. 109. Instructions are to be read and accepted as a whole, and no one particular instruction is to be selected and undue emphasis placed thereon.

"It is the settled rule in this state that, although detached statements or expressions of the court in its charge to the jury may be technically erroneous, yet if the instructions as a whole fairly state the law, there is no prejudicial error. *Cheichi v. Northern Pacific R. Co.,* 66 Wash. 36, 118 Pac. 916; *Wiles v. Northern Pacific R. Co.,* 66 Wash. 337, 119 Pac. 810; *Fichtenberg v. Lincoln County,* 150 Wash. 459, 273 Pac. 178." *O'Connell v. Home Oil Co.,* 180 Wash. 461, 465, 40 P. (2d) 991.

See, also, *Forquer v. Hidden,* 191 Wash. 638, 71 P. (2d) 1000; *Levine v. Owen Lumber Co.,* 196 Wash. 673, 84 P. (2d) 353.

■ ■ The instructions given by the court in the case at bar are in harmony with the rule enunciated in *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533. In *Fetterman v. Levitch*, 7 Wn. (2d) 431, 437, 109 P. (2d) 1064, this court, speaking through Steinert, J., said:

"What this court has frequently declared, and more often indicated, the correct rule to be, and the rule which we again repeat, and now adhere to, is that the *primary*, not the absolute, duty of avoiding an accident at an intersection rests upon the driver on the left, which duty *he must perform with reasonable regard to the maintenance of a fair margin of safety* at all times. *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533; *Martin v. Westinghouse Elec. & Mfg. Co.*, 162 Wash. 150, 297 Pac. 1098; *Teshirogi v. Belanger*, 167 Wash. 278, 9 P. (2d) 66; *Sather v. Blodgett*, 169 Wash. 25, 13 P. (2d) 60; *Hamilton v. Lesley*, 174 Wash. 516, 25 P. (2d) 102; *Huber v. Hemrich Brewing Co.*, 188 Wash. 235, 62 P. (2d) 451; *Perren v. Press*, 196 Wash. 14, 81 P. (2d) 867; *Gibson v. Spokane United Railways*, 197 Wash. 58, 84 P. (2d) 349."

In *Girardi v. Union High School Dist. No. 1*, 200 Wash. 21, 93 P. (2d) 298, an automobile collision case involving the question of right of way at a street intersection, we again stated the rule that right of way is relative, and that it did not relieve the favored driver of the obligation of using due care. In that case it was contended that one of the instructions advised the jury that the right of way of one of the drivers was absolute. In answer to that contention we stated that in any event another instruction unequivocally informed the jury that the right of way of the driver was not an absolute right. In *Gibson v. Spokane United Railways*, 197 Wash. 58, 84 P. (2d) 349, the appellant argued that plaintiff, who was a disfavored driver, was guilty of contributory negligence, as a matter of law, because of an alleged violation of right

of way rule. In the course of our opinion, we again reiterated the applicable rule, a portion of our language being substantially the same as that used by the trial court in instruction No. 7 in the case at bar. We said:

"Where the operator of an automobile takes some precaution, such as looking when at the place necessary to exercise such precaution, and the motor vehicle in the favored position is then not within the disfavored driver's range of visibility—one hundred to one hundred and seventy-five feet in the case at bar—and the favored operator at the time is violating the law, relating to speed, thus being guilty of negligence *per se,* and the automobile which is in the disfavored position is struck in the rear when across, or nearly across, the street intersection by the car in the favored position, the question of contributory negligence on the part of the operator of the car in the disfavored position is plainly one for the jury. There would be no justification for the court to assume that the disfavored driver did not under such facts have a proper margin of safety in crossing. Respondents had the right to assume that the driver of any motor vehicle —whether or not it was one hundred to one hundred and seventy-five feet east of the intersection—approaching from the right would not travel in excess of the legal rate of speed, unless, of course, respondents had actual notice that a machine was approaching from the right at an excessive rate of speed; such notice respondents did not have, the jury were warranted in finding."

See, also, to the same effect, *Swanson v. Sewall,* 183 Wash. 462, 48 P. (2d) 939; *Thompson v. Fiorito,* 167 Wash. 495, 9 P. (2d) 789, 12 P. (2d) 1119; *Martin v. Westinghouse Elec. & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098.

In *Gaskill v. Amadon,* 179 Wash. 375, 38 P. (2d) 229, which was an action against both drivers of two cars involved in an automobile collision to recover for the death of a passenger, the driver of the decedent's auto-

mobile was the disfavored driver and the jury found against both defendants. Only the defendant Amadon, the favored driver, appealed. The rule as to him we again stated as follows:

"It is true that the Amadon car had the right of way, as it approached the intersection first, over traffic from the left, but when the driver of the Amadon car saw that the driver of the truck on his left did not intend to accord him the right of way, but intended to drive recklessly through the intersection, had he been exercising due care he would have stopped or slowed his car.

"The rule laid down in *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, to the effect that all rights of way are relative and the duty to avoid accidents or collisions at street intersections rests upon both drivers, regarding the negligence of Amadon, applies here."

In *Smith v. Seattle*, 172 Wash. 66, 19 P. (2d) 652, plaintiff administratrix brought an action to recover for the death of the driver of an automobile which resulted from the collision of the automobile with a street car at a street intersection. Motion of defendant for nonsuit was granted and thereafter respondent's motion for a new trial was granted. The defendant city appealed. Appellant in that case, as in the case at bar, cited and relied upon *Palmer Inv. Corp. v. Seattle, supra*. We held that the *Palmer* case did not apply in view of the presumption of due care on the part of the deceased. In the case at bar, by reason of the guest relationship of the plaintiff, she could not be charged with the negligence of the driver of her automobile. We repeated the rule as follows:

"The right of way of street cars is not absolute, but only relative. Their operators must exercise reasonable care under the facts and circumstances existing. *Lung v. Washington Water Power Co.*, 144 Wash. 676, 258 Pac. 832."

See, also, *Stokoe v. Paulson*, 168 Wash. 1, 10 P. (2d) 247, and *Young v. Smith*, 166 Wash. 411, 7 P. (2d) 1, to the same effect. Instruction No. 7, in the case at bar, standing alone, would not have constituted prejudicial error even under *Palmer Inv. Corp. v. Seattle*, *supra*. Manifestly, when the other instructions are considered (as they must be under the rule we have consistently followed), the jury was properly instructed as to the rights of the parties involved in the collision, and the giving of instructions Nos. 7 and 9 did not constitute reversible error.

Respondent has no objection to instructions Nos. 10 and 11, quoted above, upon the ground that they are incorrect statements of the law, but that instruction No. 10 had no application to the issues and misled the jury; and that instruction No. 11 was repetitious. The trial court was of the view that the two instructions were inconsistent and, as stated above, included this as one of the grounds on which it granted a motion for a new trial.

Appellant was a guest of the driver of the automobile which collided with the street car. While respondent did not plead contributory negligence, it was permitted to make a trial amendment of its answer to permit the offering of proof in relation to contributory negligence, and the court (at the instance of respondent) gave an instruction defining the question of contributory negligence of appellant as a guest passenger, and it was on this theory that the cause was tried.

The rule is well settled that, where one sustains an injury by reason of the combined negligence of two or more persons, the injured person may maintain an action against the wrongdoers, either jointly or severally. *Young v. Smith*, 166 Wash. 411, 7 P.

(2d) 1. See, also, *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9.

Instruction No. 10, which is quoted above, is not inconsistent with instruction No. 11. It states the same rule of law as instruction No. 11, but adds a definition of the standard of care to which reference is made in instruction No. 11. The reference to willful negligence is not applicable to the issues in the case at bar as the driver of the automobile was not a party to the action; however, the respondent was not prejudiced thereby as the proper rule was stated concerning respondent's duty.

Instructions 10 and 11 did not submit to the jury an issue on which there was not substantial evidence. They contained statement of an abstract proposition of law correct in itself. Statements of abstract principles of law, which are correct, are not prejudicial, when they do not mislead the jury; and taken in connection with other instructions in the case at bar, instructions Nos. 10 and 11 could not confuse or mislead the jury. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723; *Tenneson v. Kadiak Fisheries,* 164 Wash. 380, 2 P. (2d) 745; *State v. Sandros,* 186 Wash. 438, 58 P. (2d) 362.

"If the trial court, in submitting a case to the jury, merely states abstract propositions of law, correct in themselves, upon an issue about which there is no controversy, or upon a question where there is no substantial testimony, and does not submit any issue which is not in controversy or any question upon which there is not substantial testimony, the instructions are not prejudicially erroneous, unless their tendency is to confuse or mislead the jury." *Stokes v. Magnolia Milling Co.,* 165 Wash. 311, 5 P. (2d) 339.

Instructions Nos. 7, 9, 10, and 11 were not prejudicially erroneous.

The trial court would not have granted a new

trial on the ground of alleged misconduct of a juror in driving past the scene of the accident during the trial if the court had not been convinced of the commission of error in the giving of instructions Nos. 7 and 9. It would be a clear abuse of discretion, under the facts, to grant a new trial on the ground of misconduct of the juror. The general rule is that an unauthorized view or inspection made by a juror during the progress of a trial, while improper, is not ground for a new trial unless it appears that the verdict was affected thereby. 20 R. C. L. 260, § 43.

The intersection at Second avenue and Seneca street, the scene of the collision, is in the main downtown district of Seattle. The juror made a brief stop at this intersection while waiting for traffic to clear sufficiently for her to proceed in her car and without getting out of her car. She certainly was not thus apprised of anything that she and the other jurors did not already know. No matter in dispute could have been affected by the juror's short view of the intersection in which the accident happened.

There was not, at any time during the trial, any dispute as to any feature of the intersection or as to any streets, buildings or structures appurtenant to that intersection. There was no issue as to the visibility at that intersection, nor was there any allegation that any change had been accomplished in any of the physical surroundings. All parties agreed as to measurements, description, and physical conditions of the intersection. The affidavit of the juror that her incidental view of the intersection had nothing to do with her verdict in the cause and added nothing to her knowledge of the intersection, is uncontroverted. Before a new trial may be granted for misconduct of jurors such misconduct must be shown with certainty. *Smelser v. Barnes*, 125 Wash. 126, 215 Pac. 369.

The affidavit of one juror that she heard the juror who is charged with misconduct in visiting the scene of the accident, and one other juror, state that they had gone to the scene of the accident is nothing more than hearsay statements, and such an affidavit is insufficient to invoke the discretion of the trial court to grant a new trial. *Lindsay v. Elkins,* 154 Wash. 588, 283 Pac. 447.

The judgment is reversed, and the cause remanded with direction to the trial court to enter judgment on the verdict.

DRIVER and MAIN, JJ., concur.

STEINERT, J. (concurring in the result)—The chief ground upon which the trial court granted a new trial was error in giving instruction No. 7. The first part of that instruction is stated in sufficient detail in the majority opinion. The latter part of the instruction, however, is the one with which we are here particularly concerned. It reads as follows:

"It is not necessarily negligent for the driver of an automobile to attempt to cross over a streetcar track at a crossing in face of an approaching car, if under all of the circumstances a reasonably careful driver would be justified in believing that he could pass over in safety, relying upon the duty that both he and those in charge of the streetcar must act with reasonable regard to the rights of others."

I do not believe that an automobile driver is ever warranted in attempting "to cross over a street car track at a crossing *in face* of an approaching car," as I understand the import of that phrase, unless, possibly, he does so by reason of some emergency compelling him to exercise an immediate choice of escape from imminent injury or death. There is no claim of any such emergency in this case, and the very wording of the instruction reveals that it was intended to

apply to ordinary situations. I think that the trial court was correct in holding that the instruction was erroneous.

In the case at bar, however, appellant was not the driver of the automobile. She was merely a guest in the vehicle. The *driver's* negligence in attempting to cross the street car track "in face of an approaching car" was not imputable to her. Even if the driver was negligent, appellant would still be entitled to recover from the city of Seattle if its street car operator was guilty of negligence and such negligence was a proximate cause of the injury. The evidence was sufficient to make a case for the jury on the questions of the street car operator's negligence and its causal connection with appellant's injury. Other instructions given by the court fully covered that phase of the case. Under these circumstances, instruction No. 7, though erroneous, did not, in my opinion, constitute *prejudicial* error requiring a new trial.

For these reasons I concur in the result of the majority opinion.

ROBINSON, C. J., concurs with STEINERT, J.